HELLMUTH, OBATA & KASSABAUM, APPELLEE, *v.* RATNER, AGENT, APPELLANT.

(No. 48203 — Decided December 17, 1984.)

*Harley J. McNeal,* for appellee.

*Thompson, Hine & Flory, David J. Hooker* and *Michael J. Warrell,* for appellant.

ANN MCMANAMON, J. Appellant, James Ratner, acting as trustee for the owners of Parmatown Mall, submitted a dispute with appellee, Hellmuth, Obata and Kassabaum, architects ("HOK") to the American Arbitration Association pursuant to a contractual agreement previously entered into by the parties. On February 23, 1983 the arbitrators found in favor of appellant and against appellee on all claims and awarded $666,400 to appellant. HOK tendered a draft in that amount on May 25, 1983, which appellant accepted in partial satisfaction of the obligation excluding interest, which it claimed from the date of the award.

On October 13, 1983, appellant filed its application in the common pleas court for confirmation of the award as well as interest for the period of February 23 to May 25, at the statutory rate.

The trial court subsequently entered judgment on December 28, 1983 confirming the award, as well as interest in the sum of $17,445.52 on behalf of appellant. No appeal of this order was taken by appellee.

The docket reflects two additional entries by the court on January 6, 1984.

In the first entry, the court stated "defendant's motion to confirm arbitration award [is] granted." The second entry orders "plaintiff's motion to strike and/or motion to deny request for interest on award is granted."[1]

On January 18, 1984 another entry was docketed in which the court *sua sponte* vacated its original confirmation award of December 28, 1983.

Ratner's motion for relief from this latter judgment was overruled on February 15, 1984. On the same day the court entered another confirmation award, this time allowing no interest to appellant.

Ratner presents a timely appeal from the court's entries of January 18, 1984 and the February 15, 1984 order of confirmation, raising one assignment of error:

"The trial court erred in denying defendant-appellant's request for interest on its arbitration award and ruling the Ohio Rev. Code § 1343.03 does not provide for the accrual of interest at the statutory rate from the date the arbitration award is made."

For the reasons stated in this opinion the assignment of error is well-taken and we reverse the orders challenged by appellant.

R.C. 1343.03 provides for interest under the following circumstances:

"(A) In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or

---

[1] HOK did not dispute the confirmation of the arbitrator's award, but moved to strike the claim for post-award interest. A brief in opposition to this motion and a reply brief were also filed with the court.

a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum, and no more, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract."

The issue raised by appellant presents a case of first impression in the Ohio state courts.

Appellee argues that the cases upon which appellant relies are inapplicable because they interpret statutes that are inapposite to Ohio law.

In *Columbine Valley Constr. Co.* v. *Bd. of Directors* (Colo. 1981), 626 P. 2d 686, 694-695, a Colorado court interpreted its state law:

"As to interest, section 5-12-102, C.R.S. 1973 (1980 Supp.), Colo. Sess. Laws 1975, ch. 61, 5-12-102 at 257, authorizes interest at the rate of 8% per annum for money due on any instrument in writing or on account. The arbitration award represented a liquidated sum which became due and payable on the date of its issuance, March 8, 1979. See, *e.g., North Drive-In Theatre Corp.* v. *Park-In Theatres,* 248 F. 2d 232 (10th Cir. 1957); *T & M Transp. Co.* v. *Shattuck Chem. Co.,* 158 F. 2d 909 (10th Cir. 1947); *York Plumbing & Heating Co.* v. *Groussman Inv. Co.,* 166 Colo. 382, 443 P. 2d 986 (1968); *see generally M. Domke, supra,* §39.01 at 334. The clerk committed no error and did nothing inconsistent with the arbitration award in allowing interest from the date of the award." (Footnote omitted.)

In *Lundgren* v. *Freeman* (C.A. 9, 1962), 307 F. 2d 104, the court at 112 applied Oregon state law in granting interest on an arbitration award:

"The Oregon general interest statute provides not only that interest is payable on moneys after they become 'due' (ORS §82.010(1)(a)), and on money due upon the settlement of matured accounts 'from the day the balance is ascertained' (ORS §82.010(1)(d) ), but also provides that interest on judgment and decrees for the payment of money shall be from the date of their entry. Oregon Revised Statutes, §82.010(1)(b). The last is true even if there is a subsequent appeal — if the judgment is affirmed. But if the judgment is modified on appeal, interest runs as of the date of modification. (*Compton* v. *Hammond Lumber Co.,* 1936, 154 Or. 650, 61 P. 2d 1257). The policy behind these provisions seems to be that once a balance due has been ascertained, interest should run from this date, and that one party's having the right to have the correctness of the determination further litigated, as by motion for new trial or appeal, should have no effect if such further litigation be unsuccessful.

"We think that, in the application of this policy, the Oregon courts would hold that interest runs from the date of the award. The parties selected arbitrators, rather than a court, as the body that would, in the first instance, determine the amount due. This they had a right to do; this the law encourages them to do. It should be the rule, rather than the exception, that when arbitrators hand down an award the parties will comply with it, without the necessity of court proceedings, just as it is (or should be) the normal or usual result that parties comply with a judgment, without the necessity of resort to process or appeal."

We find that both these cases involve statutes which closely resemble the law in Ohio and we adopt their application as well as their expressed policy concerns.

Although HOK urges that any order by the trial court granting interest would be tantamount to a failure to confirm the award as determined by the arbitrators, we find that this position is unsupported by legal authority. We note that the issue of whether interest should

accrue from the date of the award was not a matter presented to the arbitrators.

In *Braverman* v. *Spriggs* (1980), 68 Ohio App. 2d 58 [22 O.O.3d 47], the Court of Appeals for Franklin County reviewed R.C. 1343.03 to determine whether prejudgment interest was proper under a contract that specified when monies were payable. The court stated at 60:

"* * * The running of interest is not delayed because the debtor denies owing the debt, but, rather, is delayed only where the amount is unliquidated, that is, the amount of the debt is uncertain. Where the amount of the debt is clear, but the only question raised is whether the plaintiff is entitled thereto, interest runs on the debt from the time that it was due and payable, as eventually found by the court. * * *"

Our conclusion is that the award of the arbitrators in the sum of $666,400 was a liquidated amount, due and payable on the date the award was rendered. We further find that such an award qualifies under the statute as an "instrument of writing * * * upon * * * [a] settlement between parties * * * for the payment of money arising out of tortious conduct or a contract or other transaction * * *." Consequently, the appellant is entitled to interest upon it from the inception of the award as provided by R.C. 1343.03.

We note that public policy considerations encourage effective conflict resolution and the statute provides the instrument to promote this end.

We find, as a matter of law, that the trial court properly confirmed the arbitrators' award and ordered the requested interest on December 28, 1983. However, subsequent to this order, the trial court journalized three additional entries in an apparent attempt to vacate the December 28th judgment as well as a fifth entry on February 15, 1984 which confirmed the award but denied interest. A trial court has no authority to vacate its orders *sua sponte*.[2] Accordingly, the entries of January 6, 1984, which are in conflict with the court's original judgment, are nullities.

The orders appealed from are reversed.

*Judgments reversed.*

PARRINO, P.J., and MARKUS, J., concur.

---

[2] Civ. R. 60 "provides the *exclusive* procedure to be followed and the grounds which must be presented in order to vacate a judgment." *McCue* v. *Insurance Co.* (1979), 61 Ohio App. 2d 101, 104.