**Evans**
**v.**
**Buckeye Union Ins. Co.**
*[Cite as 2 AOA 331]*

*Case No. 88CA196*
*Mahoning, (7th)*
*Decided March 5, 1990*

*R.C. 1343.03*
*R.C. 2307.01*
*R.C. 3937.18*

*For Plaintiff-Appellee: Thomas Zena, Esq., Legal Arts Centre, Youngstown, Ohio 44503.*

*For Defendants-Appellants: Lawrence R. Springe, Esq., 926 City Centre One, P. O. Box 6306, Youngstown, Ohio 44501.*

DONOFRIO, J.

This is an appeal from the Court of Common Pleas of Mahoning County, Ohio, from a judgment finding that plaintiff-appellee, Sylvia Evans, representative of the estate of Stanley Evans, was entitled to prejudgment interest against defendant-appellant, Buckeye Union Insurance Company. It is from this determination that appellant brings its appeal.

The sole issue before us, then, is whether or not appellee was entitled to prejudgment interest pursuant to R.C. 1343.03 (C).

On September 27, 1985, appellee's decedent, Stanley Evans, was injured in a one-vehicle auto accident. As a result of these injuries, Evans died. Appellee, as representative of decedent's estate, made a claim under the uninsured motorist provisions of the policy issued by appellant.

On September 28, 1987, the case was heard by an arbitration panel. The arbitrators entered an award in favor of appellee in the amount of $700,000.

On December 2, 1987, appellee filed an application to reduce the arbitration award to judgment, pursuant to R.C. 2711.09. The trial court entered judgment to that effect on January 15, 1988.

On October 19, 1988, the trial court entered a judgment entry sustaining appellee's motion for prejudgment interest.

Appellant cites one assignment of error, as follows:

"The Trial Court erred in sustaining the plaintiff's motion for prejudgment interest upon an uninsured motorist award entered by a panel pursuant to the provisions of an insurance policy

issued by the appellant Buckeye Union Insurance Company to the appellee's decedent, Stanley Evans."

Appellant argues that while the matter involved here was based upon tortious conduct and even as interest on a judgment, it was not rendered in a civil action as required by this statute. Appellant points to R.C. 2307.01, which states:

"An action is an ordinary proceeding in a court of justice, involving process, pleadings, and ending in a judgment or decree, by which a party prosecutes another for the redress of a legal wrong, enforcement of a legal right, or the punishment of a public offense."

Appellant states that an arbitration proceeding pursuant to uninsured motorist provisions in an insurance policy does not fit the statutory definition of an action. Appellant claims that by the statutory definition, an action necessarily involves proceedings in a court of justice. According to appellant, arbitration under and by virtue of the provisions of an insurance policy involves a contractual agreement between the parties to resolve a dispute arising under and by virtue of the provisions of the contract or policy.

In arriving at a determination of the issue herein, we now look at the facts and the procedural aspects of the instant case, in light of R.C. 1343.03 (C):

"Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case."

There seems to be little doubt that the appellant had failed to make a good-faith effort to settle the case, and that appellee did not fail to make a good-faith effort to settle. In this regard, the trial court found:

"In support of the motion, counsel for Plaintiff has submitted copies of their communications to Defendants' adjusters and counsel. In all, eleven separate letters, many providing specific information as to Plaintiff's position, have been reviewed. References within these letters indicate that many phone conversations were also initiated by counsel for Plaintiff. No replies to these communication have been submitted."

In this appeal appellant is not contesting the court's finding as to lack of good faith. This factual basis must be considered in light of the purpose of prejudgment interest. The purpose is not to impose a penalty upon the unsuccessful defendant but rather is a method designed to prevent a party from receiving benefit for failure to act in good faith and, in the alternative, to compensate a party properly based upon the facts presented. *Hardiman* v. *Zep Mfg. Co.* (1984), 14 Ohio App. 3d 222.

The decision as to whether to grant or deny prejudgment interest is within the sound discretion of the trial court. *Huffman* v. *Hair Surgeon, Inc.* (1985), 19 Ohio St. 3d 83. That decision will not be disturbed on appeal unless it is contrary to law, unreasonable, arbitrary or unconscionable.

Appellant's sole objection as set forth previously is that prejudgment interest cannot be considered since the original award was rendered by an uninsured motorist arbitration panel. A clear distinction in this cause must be considered; that is that the award had been reduced to a civil judgment.

On January 22, 1988, because of the failure of appellant to satisfy the judgment, application was made for levy and execution upon the personal property of appellant, Buckeye Union Insurance Company. On January 25, 1988, the common pleas court granted and order and writ of execution thereon. In the interim, on December 7, 1987, appellant paid the sum of $250,000 on the $700,000 judgment. Subsequent to action on the execution on February 8, 1988, appellant Buckeye paid the remaining $450,000 due on the judgment with the postjudgment interest being paid on March 8, 1988.

Further, on January 15, 1988, appellee also filed a motion for prejudgment interest which, after extensive evidentiary hearing, arguments, exhibits, and transcripts submitted to the court, was sustained and judgment in favor of appellee for prejudgment interest was rendered by the court of common pleas on October 19, 1988.

In support of its position, appellant cites three unreported decisions which are attached to its brief. Appellant cites *Luby* v. *Safeco Ins. Co.* (C.A. 8, 1987), Cuyahoga County Case No. 52874, unreported. That case is distinguishable. In *Luby*, the arbitration award had been satisfied in full prior to the application for

judgment. The court stated at page 3, as follows:

"Appellant has supplied no authority sufficient to persuade this court that when an arbitration award has been satisfied, a party nonetheless may avail herself the statutory process for obtaining satisfaction. Having received and accepted payment in satisfaction of the award, appellant ratified the arbitration award, and in applying for confirmation, presented no case or controversy to the court below."

We find that *Luby* is distinguishable from the instant case.

Appellant also cites *Griffith* v. *Buckeye Union Ins. Co.* (C.A. 10, 1987), Franklin County Case No. 86AP-1063, unreported. This case is distinguishable in that the consideration of the court for failure to grant judgment pursuant to the request of appellant therein was the fact that the tort claim had been unliquidated at the time of the application for judgment. That is not the consideration in this case.

Appellant cites *Vanderhoof* v. *General Accident Ins. Co.* (C.A. 6, 1987), Erie County Case No. E-86-52, unreported, as authority for their position. In that case, the court characterizes the order or judgment from which prejudgment interest was sought as one not a judgment or decree for the payment of money but rather an action in bad faith for the refusal to settle an uninsured motorist claim. That is distinct from the case at bar. In that case, also, the factfinder made no decision as to the amount of money to be awarded in that the case was settled. That is also distinct from the case at bar.

The trial court, in justifying its position that R.C. 1343.03 (C) permitted prejudgment interest under the facts of the instant case, stated at pages 1-2 of its opinion:

"Defendant contends that the legislature's employment of the term 'civil action' in the statute precludes its application here since arbitration proceedings pursuant to uninsured motorist provisions in an insurance policy do not fit the definition of an action. In support of this position, Defendant states that several courts have noted that part of the reasoning behind the prejudgment interest statute was to encourage settlements to clear up the dockets of the courts.

"The Court rejects the position advocated by Defendant for the following reasons. First, the dockets of the courts are best kept clear by the settlement of disputes prior to the filing of an action. Second, the purpose cited by Defendant would be equally served by a prejudgment interest statute providing for interest from the date the case is filed. The legislature chose to enact a provision for the computing of interest from the date the cause of action accrued. Third, the prejudgment interest statute seeks to prevent a party from receiving a benefit where that party fails to make a good faith effort to resolve the matter. * * * Obviously, this purpose is not served if a provision to arbitrate renders the statute inapplicable."

Of interest is the case of *Hellmuth, Obata & Kassabaum* v. *Ratner* (1984), 21 Ohio App. 3d 104. Although the fact situation in *Hellmuth* is not exactly on point because there the question was whether or not interest should be awarded from the time of the arbitration award, applicable to the instant case is the statement of the court at page 106, as follows:

"'* * * The parties selected arbitrators, rather than a court, as the body that would, in the first instance, determine the amount due. This they had a right to do; this the law encourages them to do. It should be the rule, rather than the exception, that when arbitrators hand down an award the parties will comply with it, without the necessity of court proceedings, just as it is (or should be) the normal or usual result that parties comply with a judgment, without the necessity of resort to process or appeal.'"

We find that the proceedings involved in this case, the reduction of the arbitration award to judgment, the levy and execution on personal property, the motion and hearing for prejudgment interest, all combine to fall within the civil action definition of R.C. 2307.01.

For the foregoing reasons, we find that the trial court was correct in its judgment and we overrule appellant's assignment of error. Accordingly, we affirm the judgment of the trial court.

*Judgment affirmed.*

O'NEILL, P. J., Concurs.
COX, J., Concurs.