Defendants-appellants, Grace Pope and Gerald Seifer, appeal a Warren County Court of Common Pleas decision confirming a binding arbitration award and granting plaintiff-appellee, Mark L. Kaser Corporation ("Kaser"), prejudgment interest. We affirm.
On February 11, 1996, the parties entered into a written Builders Agreement ("Agreement") in which Kaser agreed to build and appellants agreed to buy a home in Springboro, Ohio. This Agreement required the parties to submit any dispute to binding arbitration. On December 11, 1996, appellants filed a demand for arbitration with the American Arbitration Association ("AAA") and claimed that Kaser breached the Agreement. On January 7, 1997, Kaser denied appellants' allegations.
An arbitrator from AAA rendered his decision on December 16, 1997. On December 24, 1997, the arbitrator's award was delivered to the parties which stated in relevant part that: (1) appellants must specifically perform the Agreement, (2) "the entire and complete amount of the Agreement outstanding for specific performance is valued at $210,336.77, * * *" and (3) "[a]ll additional claims by the parties, including expenses and attorneys' fees are denied."
On March 2, 1998, Kaser filed the arbitration award in Warren County Court of Common Pleas requesting the court to confirm the arbitrator's award. Appellants claim that between March 13, 1998 and April 14, 1998, they made several attempts to pay Kaser the $210,336.77. However, both parties claim that the other party made additional demands before either would comply with the arbitrator's award. As a result, neither party fulfilled the arbitrator's award.
On March 16, 1998, Kaser asked the trial court to award prejudgment interest pursuant to R.C. 1343.03. On March 25, 1998, appellants filed an answer[1] asserting that Kaser's request for prejudgment interest was an attempt to modify the arbitration award and such modification is contrary to R.C. Chapter 2711.11. In addition, appellants filed a motion for sanctions pursuant to Civ.R. 11 claiming that Kaser lacked grounds upon which to support its claim for prejudgment interest.
On May 13, 1998, the trial court heard arguments from the parties; however, there is no transcript of the hearing. By judgment entry filed on May 29, 1998, the trial court granted Kaser's request to confirm the arbitrator's award and granted prejudgment interest.[2] The trial court dismissed appellants' additional claims.
Appellants filed a timely appeal and assert the following assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTS-APPELLANTS BY AWARDING JUDGMENT AND PREJUDGMENT INTEREST ON MATTERS NOT PROPERLY BROUGHT BEFORE OR PENDING BEFORE THE COURT.
Appellants argue that Kaser's request for prejudgment interest was a motion for modification of the arbitrator's award and does not fall under one of the grounds to modify pursuant to R.C.2711.11. Further, appellants argue that they were denied due process when the trial court dismissed their counterclaim and motion for sanctions without a hearing.
The Ohio Arbitration Act ("Act") sets out a specific substantive and procedural process that the parties and the courts must follow after the arbitration process is complete. The Act grants the courts of common pleas a narrow and limited jurisdiction to review arbitration awards. Warren Education Association v. Warren City Board of Education (1985), 18 Ohio St.3d 170. See, also, R.C. 2711, et seq.
After an arbitration award has been granted, a party has one year to request the trial court to confirm the arbitrator's award. R.C. 2711.09. Once a motion to confirm an arbitration award is made, the trial court must confirm the award unless the motion is untimely, or there is a motion before the trial court to modify or to vacate the arbitration award. Warren Education Association, 18 Ohio St.3d at 174.
If a party makes a motion to modify an arbitration award, it must be based upon one of the following grounds: "(A) There was an evident material miscalculation of figures or an evident material mistake in the * * * award; (B) The arbitrators have awarded upon a matter not submitted to them, * * *; [or] (C) The award is imperfect in matter of form not affecting the merits of the controversy." R.C. 2711.11. If a party makes a motion to vacate, then the trial court must vacate the award if:
 (A) The award was procured by corruption, fraud, or undue means. * * * (C) The arbitrators were guilty of misconduct or in refusing to postpone the hearing * * * or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced. (D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made.
R.C. 2711.10.
Therefore, the role of the trial court over an arbitration award is limited to hearing motions to confirm, modify, or vacate. The Act does not provide the trial court with authority to consider other issues outside the arbitration award.
R.C. 1343.03 grants the courts of common pleas the authority to assess prejudgment interest. See R.C. 1343.03(C). R.C. 1343.03
states that "[W]hen money becomes due and payable upon any * * * instrument of writing * * * the creditor is entitled to interest * * *." (Emphasis added). The purpose of awarding prejudgment interest is not to punish a party, but is a form of compensation to make the aggrieved party whole. Royal Electric Construction Corp. v. Ohio State University (1995), 73 Ohio St.3d 110, 117. R.C. 1343.03 specifically allows the award of prejudgment interest to compensate the successful party for his losses. Further, it is well-established that arbitration awards are considered writings that fall within the purview of R.C. 1343.03
for purposes of awarding prejudgment interest. Hellmuth, Obata 
Kassabaum v. Ratner (1984), 21 Ohio App.3d 104, 107. Once an arbitration award is confirmed, it is converted into a judgment by the trial court. Therefore, prejudgment interest may be available upon a judgment entered on an arbitration award. Woods v. Farmer Insurance of Columbus (1995), 106 App.3d 389 at 399; Hellmuth, Obata Kassabaum, 21 Ohio App.3d at 107; R.C. 1343.03.
In the present case, Kaser timely filed a motion to confirm the arbitration award with the trial court and to award prejudgment interest. Neither party made a motion to modify or to vacate the arbitrator's award. Therefore, the trial court properly granted Kaser's request to confirm the award. Appellants do not set forth any authority to support their position that a request for prejudgment interest is a modification of the arbitrator's award. In contrast, the foregoing case law clearly holds that prejudgment interest is available upon a judgment entered on an arbitration award for the purpose to make the aggrieved party whole. See Woods, 106 Ohio App.3d at 399; Royal Electric Construction Corp., 73 Ohio St.3d at 117. Therefore, appellants' argument is without merit.
Appellants argue that the trial court's failure to hold a hearing on appellants' claims violated their right to due process. However, the record indicates that the trial court did hold a hearing on appellants' claims. Further, pursuant to the Act, the trial court has been granted the limited authority to hear motions to confirm, to vacate, or to modify an arbitrator's award. Once, the trial court found that appellants' claims did not fall under the statutory provisions of the Act, it properly dismissed appellants' counterclaim and motion for sanctions.
Appellants claim that the Rules of Civil Procedure permit the trial court to hear their modification and sanction claims. However, appellants have not presented this court with, nor has this court found, any authority that grants a trial court jurisdiction to hear appellants' claims. We further note that the purpose of binding arbitration is to prevent parties from litigating their claims in the judicial system. Goodyear, 42 Ohio St.2d 516; Marra Constructors, Inc. v. Cleveland Metroparks System (1993), 82 Ohio App.3d 557. To allow appellants' claims to be heard would be contrary to this purpose.
Appellants' motion for sanctions sought damages because Kaser filed a request for prejudgment interest. We have already stated that Kaser was within its legal rights to ask for prejudgment interest. We further find that appellants' claims do not fall under Chapter 2711.10, et seq. Therefore the trial court properly dismissed appellants' counterclaim and motion for sanctions.
Based on the foregoing, we find that the award of prejudgment interest does not constitute a modification to the arbitrator's award. We further find that the trial court properly dismissed appellants' claims. Therefore, appellants' assignment of error is without merit and is overruled.
Judgment affirmed.
POWELL, P.J., and KERNS, J., concur.
Kerns, J., retired, of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 6(C), Article IV of the Ohio Constitution.
[1] In addition, appellants named Charter One Bank as a third party defendant, claiming that Charter One Bank has a real estate interest in the subject property and is a necessary party to the suit.
[2] Pursuant to R.C. 1343.03(C), a trial court may grant prejudgment interest "from the date the plaintiff gave the defendant written notice in person or by certified mail that the cause of action accrued until the date that the judgment, decree, or order for the payment of money is rendered or from the date the plaintiff filed a complaint to commence the civil action until the date the judgment, decree, or order for the payment of the money is rendered, whichever time period is longer". Prejudgment interest in this case was calculated from the date appellants were first notified of Kaser's request for prejudgment interest, March 26, 1998, to the date the trial court entered its judgment, May 29, 1998. Prejudgment interest is not calculated before the date of the arbitrator's award. However, we do not reach the issue of whether the trial court properly calculated the prejudgment interest in this case because that issue is not before this court.