OPINION
Defendant-appellant, Allen Deckerd, appeals the decision of the Columbiana County Court of Common Pleas partially vacating its prior order, and terminating the obligation of plaintiff appellee, Beth Deckerd, to pay child support.
Appellant and appellee were divorced on May 19, 1995, and appellee was named primary residential parent for the parties' three minor children. Following an appeal, this court affirmed the decision of the trial court. See Deckerd v. Deckerd (Dec. 18, 1996), Columbiana App. No. 95-CO-33, unreported. On August 28, 1997 appellant filed a motion to modify the allocation of parental rights and responsibilities for the children, upon which a hearing was held on May 13, 1998.
The trial court issued its opinion and judgment entry on May 19, 1998. Finding a substantial change in circumstances, the trial court designated appellant as the primary residential parent of the parties' minor children. The judgment entry then reads as follows:
 "Counsel for the parties shall provide to the Court within fourteen (14) days of this Entry a standard Judgment Entry concerning child support and health insurance a copy of which is attached and made a part hereof. Counsel for the parties shall provide to the Court within fourteen (14) days a proposed child support guideline worksheet to accompany the medical and child support order. The Court determines that based upon the income of the parties and the substantial time spent with each party that child support is not warranted by either party. Husband's current order shall cease upon payment of all arrearages, effective May 31, 1998." (Emphasis sic.)
Pursuant to the order, appellant filed a statutory work-sheet on June 2, 1998. Appellee did not file any such work-sheet. On June 4, 1998, the trial court issued a judgment entry ordering appellee to pay $484.93 per month in child support. The entry was signed by appellant, by appellant's counsel, and by the trial court, but was not signed by appellee or her counsel. A appellee's employer to withhold income was issued on June 6, 1998.
Subsequently, on August 6, 1998, the trial court issued a judgment entry vacating its prior order of June 4, 1998 and terminating appellee's obligation to pay child support. In its entirety the entry reads as follows:
 "This matter came on for purposes of review by the Court this 4th day of August 1998. It has been brought to the Court's attention that an entry was filed on June 4, 1998 which was erroneously signed by the Court ordering that the Plaintiff pay support in the amount of $484.93 per month effective June 1, 1998.
 "The Court specifically in its Judgment Entry of May 19, 1998 found that there should be no order of support and deviated from the guidelines based upon the income of the parties, and the substantial time that the child spends with each party. The Court ordered counsel to submit a health insurance support order, and a guidelines calculation as is required to be filed by state law even when no support is ordered.
 "That portion of the Judgment Entry filed June 4, 1998 which orders the Plaintiff Beth Deckerd to pay support is hereby vacated effective immediately, and the plaintiff's obligation to pay support is hereby terminated retroactive to June 1, 1998, and the CSEA shall adjust its records accordingly.
"Costs taxed to Defendant Allen Deckerd."
The record does not indicate that any motion was filed prior to the issuance of said judgment entry. On September 1, 1998, appellant filed timely notice of appeal from this entry of the trial court.
Appellant brings two assignments of error, the first of which states:
 "The Trial Court Erred in Vacating its May 19, 1998 Order Without Complying with the Requirements of Civ.R. 60 and Without Notice and an Opportunity to Be Heard Being Afforded Appellant/Father."
We note at the outset that appellee has failed to file a brief in this matter. Therefore, pursuant to App.R. 18 (C), this court is authorized to accept appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action. Because the trial court's entry does not explain the authority relied upon for vacating its June 4, 1998 order, appellant presumes that the trial court relied upon Civ.R. 60. Appellant first argues that the trial court had no authority to vacate the prior order under Civ.R. 60 (A). Appellant claims that Civ.R. 60 (A) allows for the correction of clerical errors, not substantive changes, and that the termination of a support order is not merely clerical but is an entry that significantly modifies the parties' respective rights and responsibilities.
Appellant then argues that because Civ.R. 60 (B) is the exclusive means of vacating an order, the trial court's failure to comply with its requirements constitutes error. Specifically, appellant notes that no motion was filed as required by the rule, and that no notice or opportunity to be heard was afforded appellant. Hence, appellant argues the trial court's order vacating its prior order was erroneous and should be reversed.
The trial court's order of May 19, 1998, appears to be interlocutory, in as much as it orders that both parties are to file standard judgment entries within fourteen days of the order. See St. Vincent Charity Hosp. v. Mintz (1987), 33 Ohio St.3d 121. As such, the trial court was free to modify any part of the decision prior to the entry of final judgment. Mason v.Swartz (1991), 76 Ohio App.3d 43, 56. However, the June 4, 1998 entry appears to be a final order of judgment. The inherent power of a court to vacate its own judgment is limited to orders that are void. See Patton v. Diemer (1988), 35 Ohio St.3d 68,70 (citing Staff Notes to Civ.R. 60[B] and Lincoln Tavern, Inc.v. Snader [1956], 165 Ohio St. 61). A judgment is void where service of process has not been accomplished, see Hoffman v. NewLife Fitness Centers, Inc. (1996), 116 Ohio App.3d 737, 739, or where the court lacks subject matter jurisdiction, seeInternatl. Lottery, Inc. v. I Kerouac (1995), 102 Ohio App.3d 660,665. Although the trial court's order of June 4, 1998 appears inconsistent with the announced decision of May 19, 1998 the order is not void. Accordingly, the exclusive means by which the trial court could have vacated its own judgment was by means of Civ.R. 60, which states in pertinent part:
 (A) Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. * * *
 (B) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * (5) any other reason justifying relief from the judgment. * * * A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
 "The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules."
Civ.R. 60 (A) permits a trial court to correct clerical mistakes which are apparent on the record, but does not authorize a trial court to make substantive changes in judgments. State ex rel. Litty v. Leskovyansky (1996), 77 Ohio St.3d 97,100. The term "clerical mistake" refers to a mistake or omission, mechanical in nature and apparent on the record which does not involve a legal decision or judgment. Id. The trial court's order of August 6, 1998 does not correct a clerical mistake, but rather reflects a substantive change in the trial court's decision. Therefore the trial court was not authorized by Civ.R. 60 (A) to vacate the prior judgment.
Civ.R, 60 (B) (1) permits a trial court to vacate a judgment entered through mistake or inadvertence. The August 6, 1998 judgment entry clearly indicates that the June 4, 1998 order had been erroneously signed by the trial court. However, Civ.R. 60 provides the exclusive procedure to be followed in order to vacate a judgment. McCue v. Insurance Co. (1979), 61 Ohio App.2d 101,104. The final sentence of Civ.R. 60 (B) states: "The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules." That is, a trial court has no authority to vacate its orders sua sponte. Hellmuth, Obata Kassabaum v. Ratner (1984), 21 Ohio App.3d 104, 107. Although the trial court stated that the June 4, 1998 entry had "been brought to the Court's attention," there is no indication that any motion for relief was ever filed. As such, appellant received no notice nor any opportunity to be heard on the matter. While appellee certainly appears to have a valid grounds for relief under Civ.R. 60 (1), it was error on the part of the trial court to grant the relief without adhering to the mandatory procedures to be followed.
Accordingly, appellant's first assignment of error has merit.
Appellant's second assignment of error states:
 "Even If the Trial Court Could Properly Review its June 4, 1998 Order Without Notice and an Opportunity to Be Heard, the Trial Court Erred in Failing to Follow the Requirements of R.C. 3113.215 and in Failing to Award Appellant/Father Child Support. Failure to comply with R.C. 3113.215 is Reversible Error."
Appellant argues that even if the trial court did not err in vacating the June 4, 1998 order, the trial court nonetheless committed error by failing to award appellant child support pursuant to R.C. 3113.215. However, as already discussed in appellant's first assignment of error, the trial court erred in vacating said order. As such, appellant's second assignment of error is now moot and we need not address it at this time. See App.R. 12 (A) (1) (c)
Because appellant's first assignment of error has merit, the August 6, 1998 order of the trial court is hereby reversed, and the matter is remanded for further proceedings consistent with this opinion.
Cox, J., concurs.
Vukovich, J., concurs.
 APPROVED: ___________________ Gene Donofrio Judge