MEMORANDUM DECISION
This is an appeal by plaintiff, the State of Ohio, from a judgment of the Franklin County Court of Common Pleas, setting aside a prior entry denying the application of defendant, Joann E. Meyers, for an order sealing a record of conviction.
On August 5, 1991, defendant was indicted on one count of felonious assault and one count of endangering children, with a specification. The defendant subsequently entered a guilty plea to a lesser included offense and the trial court entered sentence.
On September 18, 1997, defendant filed, pursuant to R.C.2953.32, an application seeking a "sealing of all official records of conviction in Case No. 91 CR 4393." On December 18, 1997, the state filed objections to defendant's application for a sealing of the record of conviction (hereafter "expungement"). By entry filed January 22, 1998, the trial court denied defendant's application for expungement. However, the trial court rendered a decision and entry filed on January 28, 1999, stating that: "The Court sua sponte hereby sets aside its entry of January 22, 1998, in which it denied the applicant's request for an order sealing the record in Case No. 91CR08-4393."
The state appeals from the trial court's January 22, 1999 decision and entry, setting forth the following assignment of error for review:
 THE COURT OF COMMON PLEAS LACKED JURISDICTION AND THUS COMMITTED PLAIN ERROR WHEN IT, SUA SPONTE, VACATED ITS PREVIOUS ORDER DENYING THE EXPUNGEMENT OF APPELLEE'S RECORD AND THEN GRANTED THE SAME.
The narrow issue raised by the state is whether the trial court had authority to, sua sponte, set aside its prior judgment denying defendant's application for an order of expungement. The state contends that there is no indication defendant filed with the trial court a motion to reconsider the court's entry filed January 22, 1998, denying defendant's application for expungement. The state also maintains that it had no notice that the trial court was reconsidering its earlier judgment, and thus the court's action constituted a denial of due process. We note that defendant has not filed an appellate brief.
Under Ohio law, "[e]xpungement is a civil, post-conviction proceeding * * * governed by the Rules of Civil Procedure." State v. Shown (Jan. 9, 1998), Lake App. No. 96-L-218, unreported, citing State v. Bissantz (1987), 30 Ohio St.3d 120. Further, "[a] motion to set aside or to vacate an expungement order is, in essence, a motion for relief from judgment under Civ.R. 60(B)." Shown, supra.
The state argues that the trial court's entry denying defendant's application for expungement, filed January 22, 1998, was a final appealable order from which defendant could have appealed. We agree. See Bissantz, supra. Further, we agree with the state that the record fails to indicate why the trial courtsua sponte vacated its prior entry denying the application for expungement. The record does not reflect the filing of any motion to vacate the January 22, 1998 judgment, nor does the record indicate that the state was provided notice that the court was reconsidering its prior judgment.
In Brown v. County Bureau of Vital Statistics (Nov. 26, 1996), Gallia App. No. 96CA3, unreported, the court held that the trial court abused its discretion when it vacated a prior expungement order in the absence of a properly filed motion for relief for judgment and an opportunity for appellants to respond to that motion. In finding the trial court's entry, purportedly vacating its prior expungement order, to be a nullity, the appellate court in Brown stated in part:
 It is well recognized that, prior to the enactment of the Ohio Rules of Civil Procedure, courts possessed an inherent power and discretion under the common law to vacate their own judgments. McCue v. Buckeye Union Ins. Co. (1979), 61 Ohio App.2d 101, 104, 399 N.E.2d 127. However, it is equally well recognized that the adoption of the Ohio Rules of Civil Procedure, specifically Civ.R. 60(B), now provides the exclusive procedure to be followed and the grounds which must be present in order to properly vacate a judgment. Id. at 104. Moreover, several appellate courts have held that a trial court has no authority to sua sponte
vacate its own prior orders. See Rice v. Bethel Assoc., Inc. (1987), 35 Ohio App.3d 133, 134, 520 N.E.2d 26; Hellmuth, Obata Kassabaum v. Ratner (1984), 21 Ohio App.3d 104, 107, 487 N.E.2d 329; Sperry v. Hlutke
(1984), 19 Ohio App.3d 156, 158, 483 N.E.2d 870; Baker v. Dupler (Dec. 16, 1991), 1991 Ohio App. LEXIS 6057, Athens App. No. 1481, unreported.
See, also, The Lomas Nellteton Company v. Snodgrass (May 16, 1989), Franklin App. No. 88AP-1137, unreported (1989 Opinions 1669, 1672) (in absence of motion to vacate, trial court erred in setting aside prior judgment "without compliance with the civil rules or allowing an opportunity for appellant to be heard").
Based upon the record in this case, we agree with the state's contention that the trial court was without authority to vacate its January 22, 1998 order. Accordingly, the state's single assignment of error is sustained, the judgment of the trial court is reversed, and this matter is remanded to the trial court with instructions to reinstate the January 22, 1998 judgment.
Judgment reversed and cause remanded with instructions.
BROWN and TYACK, JJ., concur.