[Cite as *Dickerson v. Cleveland Metro. Hous. Auth*, 2011-Ohio-6437.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96726**

## J'LEXXYS DICKERSON, ETC., ET AL.

PLAINTIFFS-APPELLEES

vs.

## CLEVELAND METROPOLITAN HOUSING AUTHORITY, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-705527

**BEFORE:** Cooney, J., Celebrezze, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** December 15, 2011

**ATTORNEYS FOR APPELLANTS**

Timothy A. Marcovy
Michael S. Lewis
Aubrey B. Willacy
Willacy, Lopresti & Marcovy
700 Western Reserve Building
1468 West Ninth Street
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEES**

Mark A. Dicello
Robert F. Dicello
The Dicello Law Firm
7556 Mentor Avenue
Mentor, Ohio 44060

COLLEEN CONWAY COONEY, J.:

{¶ 1} Defendant-appellant, Cleveland Metropolitan Housing Authority, ("CMHA"), appeals the trial court's order vacating its earlier order that granted summary judgment in favor of CMHA. Finding merit to the appeal, we reverse.

{¶ 2} In September 2009, plaintiffs-appellees, J'Lexxys Dickerson, et al. ("Dickerson"), filed suit against CMHA.[1] Dickerson alleges that CMHA was guilty of negligent, willful, wanton, and/or reckless misconduct in failing to maintain its premises, and failing to warn occupants of known and/or hidden dangers, pitfalls, obstructions, or

---

[1] The original complaint also included as defendants ten unnamed "John Does." None of these defendants were ever identified, however, nor was service obtained within one year of filing the complaint. See Civ.R. 3(A), 4(E), and 15(D).

defects on its premises, resulting in the injury suffered by Dickerson, a minor child. This claim stems from a laundry pole that fell and injured the child's hand. In addition, Dickerson's parents are parties to the suit, claiming loss of consortium and financial loss.

{¶ 3} On March 7, 2011, CMHA filed a motion for leave to file a motion for summary judgment instanter, with its motion for summary judgment attached. The motion for leave was granted, and the motion for summary judgment was accepted as filed on March 7, 2011. More than 30 days later, on April 18, 2011, Dickerson filed a motion to extend the time to respond to CMHA's motion for summary judgment pursuant to Civ.R. 56(F). On April 19, 2011, the trial court granted summary judgment for CMHA. On April 20, 2011, the court denied Dickerson's motion to extend time to respond. On April 21, 2011, the court sua sponte vacated its order granting summary judgment in favor of CMHA, without any explanation.

{¶ 4} CMHA now appeals, raising three assignments of error.

{¶ 5} In its first assignment of error, CMHA argues that the trial court erred when it sua sponte vacated its prior entry of summary judgment in favor of CMHA. Dickerson argues that the trial court properly vacated the order granting summary judgment pursuant to Civ.R. 60(A) or, in the alternative, properly vacated the order because it was void.

{¶ 6} The authority to vacate its own void judgment constitutes an inherent power possessed by Ohio courts. *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 518 N.E.2d 941, paragraph four of the syllabus. A judgment is void only where the court lacks

jurisdiction over the subject matter or the parties or where the court acts contrary to due process. *Thomas v. Fick* (June 7, 2000), Summit App. No. 19595; *Rondy v. Rondy* (1983), 13 Ohio App.3d 19, 22, 468 N.E.2d 81. In exercising its inherent power, a court is recognizing that the void judgment or order was always a nullity. *Van DeRyt v. Van DeRyt* (1966), 6 Ohio St.2d 31, 35, 215 N.E.2d 698.

**{¶ 7}** However, as a general rule, a trial court has no authority to vacate or modify its final orders sua sponte. *N. Shore Auto Financing, Inc. v. Valentine*, Cuyahoga App. No. 90686, 2008-Ohio-4611, ¶12, citing *Rice v. Bethel Assoc., Inc.* (1987), 35 Ohio App.3d 133, 520 N.E.2d 26; *Hellmuth, Obata & Kassabaum v. Ratner* (1984), 21 Ohio App.3d 104, 107, 487 N.E.2d 329; *Sperry v. Hlutke* (1984), 19 Ohio App.3d 156, 158, 483 N.E.2d 870. Prior to the adoption of the Ohio Rules of Civil Procedure, trial courts possessed the inherent power to vacate their own judgments. See *McCue v. Buckeye Union Ins. Co.* (1979), 61 Ohio App.2d 101, 103, 399 N.E.2d 127. Since the adoption of the Civil Rules, however, Civ.R. 60(B) provides the exclusive means for a trial court to vacate a final judgment. *Rice* at 134; *Cale Products, Inc. v. Orrville Bronze & Alum. Co.* (1982), 8 Ohio App.3d 375, 378, 457 N.E.2d 854.

**{¶ 8}** Civ.R. 60(B) states:

"Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore

denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

"The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules."

See, also, *Davis v. Davis* (1992), Cuyahoga App. Nos. 60224 and 60751 (trial court had no authority to vacate final order without Civ.R. 60(B) motion); *State, ex rel. Boardwalk Shopping Ctr. Inc. v. Court of Appeals for Cuyahoga Cty.* (1990), 56 Ohio St.3d 33, 564 N.E.2d 86; *Hellmuth, Obata & Kassabaum* at 107.

{¶ 9} Unlike Civ.R. 60(B), Civ.R. 60(A) pertains only to the correction of orders that contain clerical mistakes and does not apply to situations in which prior orders are vacated in their entirety. Civ.R. 60(A) states:

"Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court."

{¶ 10} Thus, Civ.R. 60(A) authorizes a trial court to modify its judgments sua sponte, without any notice to the parties. However, Civ.R. 60(A) permits a court to correct only clerical mistakes arising from an oversight or omission.

{¶ 11} The basic distinction between clerical mistakes that can be corrected under Civ.R. 60(A) and substantive mistakes that can be corrected pursuant to Civ.R. 60(B) consists of "blunders in execution," whereas the latter consists of instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because, on second thought, it has decided to exercise its discretion in a different manner. *RPM, Inc. v. Oatey Co.* (1998), Medina App. No. 2745-M, citing *Kuehn v. Kuehn* (1988), 55 Ohio App.3d 245, 247, 564 N.E.2d 97.

{¶ 12} In the instant case, Dickerson failed to respond to CMHA's motion for summary judgment within the 30 days allowed under Loc.R. 11. Dickerson failed to reply despite having been specifically alerted to the 30-day deadline in the court's journal entry in which the court accepted CMHA's motion for summary judgment. The entry specified that Dickerson's response must be filed in accordance with Loc.R. 11.[2] Moreover, in addition to failing to timely oppose summary judgment, Dickerson also failed to timely file a motion seeking more time.

{¶ 13} Dickerson defends her lack of response, claiming that the trial court granted her an extension, pursuant to Civ.R. 56(F), during a March 22, 2011 phone conference. However, despite three separate entries for March 22 on the docket regarding scheduling

---

[2] Loc.R. 11 states:

"(I) Unless otherwise ordered by the Court, (1) a party opposing a motion for summary judgment made pursuant to civil rule 56 may file a brief in opposition with accompanying evidentiary materials (as permitted by civil rule 56(C)) within thirty (30) days of service of the motion. * * * (2) Unless otherwise ordered by the court, motions for summary judgment shall be heard on briefs and accompanying evidentiary materials (as permitted by civil rule 56(C)) without oral argument."

a pretrial and trial date, there is no mention on the docket of any extension granted to Dickerson or any earlier request for an extension. It is well-settled that a court speaks through its journal entries. *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, ¶47, citing *Kaine v. Marion Prison Warden*, 88 Ohio St.3d 454, 455, 2000-Ohio-381, 727 N.E.2d 907.

**{¶ 14}** More than one week after the 30-day deadline for filing a response to CMHA's motion for summary judgment, Dickerson filed a motion for extension of time to respond, pursuant to Civ.R. 56(F).

**{¶ 15}** A party opposing a motion for summary judgment may obtain a continuance pursuant to Civ.R. 56(F) by submitting affidavits that state a factual basis or provide sufficient reasons for the lack of supporting affidavits and the need for additional time to permit affidavits to be obtained or further discovery to be had. *Gates Mills Invest. Co. v. Pepper Pike* (1978), 59 Ohio App.2d 155, 168-169, 392 N.E.2d 1316. A trial court has discretion to grant or deny a request for a continuance pursuant to Civ.R. 56(F), and its decision will not be overruled absent an abuse of discretion. Id. The trial court denied Dickerson's motion on April 20, 2011.

**{¶ 16}** This court has previously addressed the issue of whether a trial court may sua sponte vacate an order granting summary judgment. In *Chomor v. Euclid Clinic Found.* (Apr. 2, 1992), Cuyahoga App. No. 62270, this court stated that:

> "[s]ummary judgment is a final appealable order and not subject to a motion to vacate, filed by a party to the action or by the trial court sua sponte, unless the

record contains sufficient facts to establish that the judgment is void or subject to Civ.R. 60(B)."

{¶ 17} In *Chomor*, this court found that there were no facts in the record to establish that the judgment granting summary judgment was void or subject to Civ.R. 60(B). This court reversed the trial court's order sua sponte vacating summary judgment and reinstated the original order granting summary judgment to the defendant.

{¶ 18} In addition, the Eleventh District Court of Appeals in *Hall v. Stabler* (Sept. 29, 2000), Lake App. No. 99-L-202, came to the same conclusion, stating:

"We do not need to address whether appellee was required to submit an affidavit from a medical expert in support of his action to withstand summary judgment because the trial court had no jurisdiction to reverse its previous judgment granting summary judgment in favor of appellant.

"After the trial court granted summary judgment in favor of appellant, on October 14, 1999, it had no authority sua sponte to vacate that judgment. *Kemper Securities, Inc. v. Schultz* (1996), 111 Ohio App.3d 621, 625, 676 N.E.2d 1197. 'When the trial court awards summary judgment to a party, the judgment is final and can only be vacated upon the losing party's motion to vacate in conformity with Civ.R. 60(B).' *Levin v. George Fraam & Sons, Inc* . (1990), 65 Ohio App.3d 841, 848, 585 N.E.2d 527. Because appellee did not file a Civ.R. 60(B) motion in this case, the trial court's October 14, 1999 judgment, granting summary judgment in favor of appellant, remains."

{¶ 19} Finally, in *RPM*, the Ninth District Court of Appeals found that a trial court cannot sua sponte vacate a previous order granting summary judgment under Civ.R. 60(A), despite a pending Civ.R. 56(F) motion to extend time to respond. RPM, like Dickerson, claimed that the trial court made a clerical error when it overlooked the

motion for a delay pending discovery pursuant to Civ.R. 56(F). The *RPM* court found that:

{¶ 20} "* * * even assuming that discovery had not yet been completed, the order granting summary judgment to Oatey was much more than a mere clerical error. The trial court prepared the order, signed the order, and served both parties with notice that a final appealable order had been issued in the case. This was not simply a blunder in execution; presumably, the trial court read the entire order prior to signing it and fully understood what was being signed. Therefore, regardless of what the trial court should have done, or what it may have intended to do, it deliberately granted Oatey summary judgment. The trial court cannot change its mind sua sponte simply because it determines that it should have waited until discovery was completed. See *Green v. Ken's Flower Shops* (Nov. 10, 1994), Lucas App. No. L 94-088, unreported. But, see, *O'Neill v. Contemporary Image Labeling, Inc.* (Oct. 3, 1997), Hamilton App. No. C-961019, unreported."

{¶ 21} Following the precedent of this and other districts, we find that the trial court erred in sua sponte vacating its order granting summary judgment. Having granted the motion for summary judgment *and* subsequently denying the motion to extend time pursuant to Civ.R. 56(F), the trial court lacked jurisdiction to vacate the order granting summary judgment. Moreover, we find no evidence in the record to establish that the court's entry granting summary judgment is void or that it was subject to a Civ.R. 60(B)

motion prior to the trial court's vacating the summary judgment.[3] Thus, the trial court had no authority to sua sponte vacate a final judgment. Accordingly, CMHA's first assignment of error is sustained.

{¶ 22} Having sustained the first assignment of error, we need not address the remaining two assignments of error because they are now moot.

Judgment reversed and case remanded to reinstate the final judgment granting summary judgment for CMHA.

It is ordered that appellants recover of said appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
LARRY A. JONES, J., CONCUR

---

[3] CMHA filed the instant appeal on April 27, 2011. On July 27, 2011, Dickerson filed a motion for relief pursuant to Civ.R. 60(A) or (B) and a motion for remand to the trial court. The motion to remand was denied by this court.