RICE, APPELLEE, *v.* BETHEL ASSOCIATES, INC. ET AL., APPELLANTS.

(No. 12929—Decided June 17, 1987.)

*Edward L. Gilbert,* for appellee.
*Joseph W. Gibson,* for appellants.

MAHONEY, P.J. Defendants, Bethel Associates, Inc. and Margaret Hollum (collectively "Bethel"), appeal from an order vacating the trial court's dismissal of the plaintiff's complaint with prejudice. We reverse.

### Facts

In April 1986, Cordelia Rice brought this action alleging that Bethel was in breach of a contract for the sale of certain real property. Rice also alleged that Bethel's actions had caused her to suffer emotional distress. Both damages and injunctive relief were sought by Rice.

In October 1986, the trial court granted Bethel's motion to dismiss Rice's claim for breach of contract. However, the trial court found that Rice's claim for emotional distress "may have [been] properly pleaded to present a cause of action." Accordingly, the trial court ordered Rice to amend her complaint within fourteen days. When Rice failed to comply with this order, the trial court dismissed the entire action with prejudice on October 21, 1986.

On October 22, 1986, Rice filed an amended complaint and a written motion for leave to file the amended complaint, instanter. On November 17, the trial court vacated its order of dismissal and accepted the amended complaint. Bethel appeals stating:

### Assignment of Error I

"The trial court erred as a matter of law in vacating its judgment order dismissing with prejudice the plaintiff-appellee's complaint without notice or a hearing, when plaintiff-appellee neither made a Civil Rule 60(B) motion, nor presented any allegations of operative facts in support of any valid reason for the vacating of the dismissal order."

In its sole assignment of error, Bethel contends that the trial court erroneously vacated its order of dismissal. We agree.

The record in this matter contains no written motion by Rice for the trial court to vacate its judgment pursuant to Civ. R. 60. There is also no indication in the record that Bethel was ever notified of any oral motion by Rice or given an opportunity to respond.

The record does reveal that the order appealed from was prepared by Rice's attorney. His initials appear at the top left-hand corner of the document. A certificate of service appears at the bottom of the document, indicating that Rice's attorney mailed a copy of the order to Bethel's attorney on Friday, November 14. After the trial court signed the order, it was filed with the clerk of courts on Monday, November 17.

In light of these circumstances, it appears that Rice obtained Civ. R. 60(B) relief from the trial court without fulfilling the requirements for such or allowing Bethel an ample opportunity to respond. The Ohio Civil Rules and due process require that such practice not be tolerated. Civ. R. 5(A) and 7(B). See *Sperry* v. *Hlutke* (1984), 19 Ohio App. 3d 156, 19 OBR 246, 483 N.E. 2d 870; *Household Finance Co.* v. *Burt* (Nov. 7, 1979), Summit App. No. 9336, unreported.

On appeal, Rice contends that the trial court vacated its order of dismissal on its own initiative. The record does not appear to support this contention. Assuming *arguendo* that this contention is correct, the trial court had no authority to vacate the order in controversy *sua sponte*, without affording Bethel an opportunity to be heard.

We have previously recognized that Civ. R. 60(B) provides "the exclusive grounds which must be present and the procedure which must be followed in order for a court to vacate its own judgment." *Cale Products, Inc.* v. *Orrville Bronze & Alum. Co.* (1982), 8 Ohio App. 3d 375, 378, 8 OBR 489, 492, 457 N.E. 2d 854, 858 (citations omitted). Based upon this principle, at least one other Ohio appellate court has held that a trial court is without authority to vacate its final orders *sua sponte.* See *Hellmuth, Obata & Kassabaum* v. *Ratner* (1984), 21 Ohio App. 3d 104, 107, 21 OBR 112, 114, 487 N.E. 2d 329, 331. In light of the due process concerns involved, we find this rule proper in the case *sub judice.*[1]

### Summary

Bethel's assignment of error is sustained. The order of the trial court of November 17, 1986 is hereby vacated. The judgment of dismissal of Rice's complaint with prejudice is hereby reinstated pursuant to App. R. 12(B).

*Judgment reversed.*

GEORGE and CACIOPPO, JJ., concur.

---

[1] In so holding, we recognize the recent Ohio Supreme Court decision in *Horman* v. *Veverka* (1987), 30 Ohio St. 3d 41, 30 OBR 83, 506 N.E. 2d 218. However, the procedural facts in *Horman* are clearly distinguishable. The court in *Horman* relied heavily upon the fact that the dismissal in controversy was without prejudice and determined that an order vacating such a dismissal is within the inherent power of a trial court and is not a final appealable order. *Horman, supra,* at 42-43, 30 OBR at 84, 506 N.E. 2d at 220. In addition, the plaintiff did make a motion to vacate in *Horman* and there is no indication that the trial court acted *sua sponte,* without affording the defendant an opportunity to respond.