This is an appeal from the order of the Ross County Court of Common Pleas journalized September 5, 1997, overruling the motion of the Wayne Mutual Insurance Company ("Wayne Mutual") to be substituted as plaintiff in an action originated by Lora S. Garman, denominated as plaintiff in the case numbered 95 C1 84 upon the docket of that court. Torrence L. Nesbitt, named as the defendant in that case, has made no appearance in this appeal, nor has Lora S. Garman filed a brief. Accordingly, we have applied the provisions of App.R. 18(C) in our disposition of the assignments of error advanced by Wayne Mutual.[1]
The progress of this case in the court of common pleas, and to some extent its progress in this court, presents a tangled web. The events in this matter commenced on May 12, 1993, when Garman, operating a motor vehicle apparently owned by Kevin D. Kniseley, who was insured by Wayne Mutual, was struck and injured physically by a vehicle operated by Nesbitt. According to the accident report, Nesbitt drove onto State Route 50 and struck Garman's car on its right front quarter as it travelled west on that highway. Nesbitt stated to investigators that he had obeyed the stop sign at the intersection of Anderson Station Road and State Route 50, but failed to see Garman's car as he attempted to turn left, i.e., east, on the state highway. By his own admission, Nesbitt was an uninsured motorist.
On April 6, 1995, Garman filed her suit seeking damages from Nesbitt for her personal injuries suffered in the collision. However, on November 17, 1995, Garman dismissed her action against Nesbitt, voluntarily and without prejudice. It appears that while her action was pending, Garman presented a claim to Wayne Mutual pursuant to the provisions for uninsured-motorist coverage in the insurance policy issued to Kniseley. However, Wayne Mutual was not given notice by Garman of her voluntary dismissal of the underlying action against the tortfeasor, Nesbitt.
On June 2, 1997, Garman, through her legal counsel, filed a motion for relief from the judgment of dismissal pursuant to Civ.R. 60(B) without providing any notice to Wayne Mutual.[2]
On July 17, 1997, the court of common pleas granted Garman's motion. In part, it said in its order:
 Upon due consideration thereof, the Court finds that the final judgment should be vacated and set for trial upon grounds appropriate under C.R. 60(B)(5). The Court finds that Plaintiff has a meritorious claim against Defendant; and that Plaintiff would not have dismissed the action against Defendant were it not for her reliance on the assertions of her insurance carrier. The dismissal of the case has placed Plaintiff in a dilemma the unjustness of which C.R. Rule 60(B)(6) was promulgated to resolve.
 It is therefore ordered and adjudged that the final judgment entered November 17, 1995 in this action be set aside and that the action be set for a new trial on the merits.
Once the dismissal was vacated and the suit by Garman against Nesbitt revitalized, Wayne Mutual filed its motion on August 20, 1997, to be substituted as plaintiff, because on July 31, 1997, it had remitted $20,112 to Garman through her counsel in settlement of her claim for uninsured-motorist benefits. In its letter of transmittal, Wayne Mutual indicated its intent to pursue its rights against Nesbitt.[3] Garman signed a release of all claims against Wayne Mutual and subrogated the insurance company to all of her rights against Nesbitt.
All of this brings us to the order from which this appeal derives, i.e., the order of September 5, 1997. On its ownmotion, the court reconsidered its order of July 17, 1997, granting Garman's motion for relief from the judgment of dismissal of her action against Nesbitt and then denied the motion.
The court reasoned that Garman's counsel's attempt to serve Nesbitt by ordinary mail with Garman's motion for relief, filed June 2, 1997, was not sufficient notice under Civ.R. 4.1. Accordingly, the court vacated its order of July 17, 1997. Then the court proceeded to consider the merits of Garman's motion and found that Garman was not entitled to relief, reasoning, among other things, that because Garman had failed to commence a new action against Nesbitt within one year of her voluntary dismissal of the original action, she could not "avail herself of the saving statute of Section 2305.19." The court then declared:
 Time for commencing suit against Defendant has expired. It would be inequitable to have Defendant be subject to further litigation beyond the limitation period in order to resolve the dispute that has arisen between the insured and her insurer.
Because the court proceeded sua sponte without notice to Garman or Wayne Mutual, it appears obvious from the record that the court was unaware that Garman had been paid $21,253 to settle with Wayne Mutual and had subrogated it to her rights against Nesbitt, the tortfeasor the insurance company intended to pursue.[4]
The court concluded its September 5, 1997, entry with the holding that "since no action is pending, the motion filed by Plaintiff's insurer, Wayne Mutual Insurance Company, to be substituted as a real party in interest is hereby moot and is denied [sic]."
On October 2, 1997, Wayne Mutual filed its appeal. On October 21, 1997, this court placed of record this order:
 Wayne Mutual Insurance Company filed a Notice of Appeal from a Journal Entry denying plaintiff, Lora Garman's, Motion for Relief from Judgment. It appearing to this court that Wayne Mutual was not a party to the matter below and lacks standing to bring an appeal of the trial court's decision, Wayne Mutual is ordered to file a memorandum directed to this jurisdictional issue within fifteen (15) days of the date of this entry. Appellee(s) may respond within ten (10) days thereafter by separate memoranda.
On January 30, 1998, this court determined that "this appeal shall proceed according to the Appellate Rules and the Local Rules of [this court]," noted the filing of Wayne Mutual's brief of December 2, 1997, and directed the "appellees" to file their briefs by February 17, 1998. On that date, this court granted Nesbitt a thirty-day extension, directing him to file his brief by March 26, 1998. On April 9, 1998, this court granted the motion to withdraw filed by counsel for Nesbitt, relieved him of further responsibility as counsel, and directed Nesbitt to obtain substitute counsel or to proceed pro se.
On July 20, 1998, this court placed of record an entry which is, in part:
 The Court finds that appellees have filed nothing in defense of this appeal. The appellees are ordered to file motions showing good cause for enlargement of briefing time, together with their briefs no later than August 7, 1998, or this appeal will proceed without further participation of appellees. Appellees are directed to Appellate Rules 16, 18, and 19 of Local Rules 6 and 8 in this regard.
 The Clerk of Courts is directed to mail a copy of this Entry to all counsel and appellee Nesbitt at their last known addresses.
Neither Garman nor Nesbitt responded to the directive in our order of July 20, 1998, which permits us to proceed under App.R. 18(C). Consequently, we have only Wayne Mutual's assignments of error, which are, verbatim:
Assignment of Error 1
 The trial court erred to the prejudice of Wayne Mutual Insurance Company by denying its motion to be substituted as plaintiff in the action below upon its claim that it was the real party in interest.
 Assignment of Error II
 The trial court erred in its determination that Wayne Mutual Insurance Company's motion to be substituted as the plaintiff as it was the real party in interest was moot.
 Assignment of Error III
 The trial court erred to the prejudice of Wayne Mutual Insurance Company when it vacated its previous order knowing that Wayne Mutual had relied upon the court's original order entered on the plaintiff's motion for relief from judgment.
 Assignment of Error IV
 The trial court erred when it vacated its previous order without first giving notice to the parties and giving them an opportunity to be heard on the matter.
 Assignment of Error V
 The trial court erred when it denied the motion of plaintiff/appellant Lora Garman for relief from judgment.
Wayne Mutual submits that under Civ.R. 25(C) it was entitled to be substituted for Garman as the real party in interest against Nesbitt because Garman had assigned her interest in the case to it.[5] As matters stood on August 20, 1997, Wayne Mutual's contention is correct as a matter of law. We must, however, consider whether acts of the court below after that date altered that entitlement. It must be remembered that, by granting initially Garman's motion for relief from her voluntary dismissal, the court revived her suit and put Wayne Mutual in a position to pursue Nesbitt after it settled Garman's claim and obtained, in exchange, subrogation to her rights against him. The trial court's subsequent change of mind completely unhorsed the insurance company because the result of the court's denial of Garman's motion was that an action against the tortfeasor no longer existed. The essential predicate of Wayne Mutual's pursuit of Nesbitt was erased. Because the statute of limitations had then run, Nesbitt could not be sued again.
As we see this case in its entirety, after considering all of the idiosyncrasies, the fundamental omission below was not to have given notice to Garman, to Wayne Mutual as an entity ostensibly entitled to substitution as the plaintiff against Nesbitt, and to Nesbitt himself, of any reconsideration of the court's initial decision to grant Garman relief from judgment.
We find Rice v. Bethel Assoc., Inc. (1987), 35 Ohio App.3d 133, 520 N.E.2d 26, to be instructive, especially with respect to the issues raised directly in the third and fourth assignments as they relate to the methodology employed by the court in reaching the conclusions embodied in its order of September 5, 1997.
Rice presented a singular assignment of error with an issue parallel to that presented here: did the trial court err in vacating its judgment order dismissing with prejudice a complaint without notice or hearing? Judge Edward J. Mahoney, writing for the Court of Appeals for Summit County, held the assignment to be well taken. Rice, who claimed that Bethel had breached a contract for sale of real estate, sought damages for that and for Bethel's infliction of emotional distress. Rice failed to amend her complaint as ordered by the trial court. That failure prompted the court to dismiss the action with prejudice. After Rice amended her complaint after the dismissal, the court vacated its prior order. Bethel then appealed. Judge Mahoney wrote that a trial court is required by the Ohio Civil Rules and due process to allow an adverse party (such as Bethel) "ample opportunity" to respond to a motion such as one made pursuant to Civ.R. 60(B), holding that the trial court was without authority to vacate its final order suasponte in light of the due process concerns involved in the case. Rice, supra at 134, 520 N.E.2d at 27.
We agree with the rationale of the Court of Appeals for Summit County. Accordingly, Wayne Mutual's fourth assignment of error is well taken and is sustained. The dispositive issue in the fourth is subsumed in that of the third, and we sustain the third as well.
We turn now to Wayne Mutual's first, second and fifth assignments of error.
The essential predicate for Garman's motion for relief from judgment was that Wayne Mutual was denying her "entitlement" to compensation under the uninsured-motorist provisions of the policy, which she believed had been "negotiated," after Wayne Mutual became aware that she had voluntarily dismissed her action against Nesbitt and had not refiled it within one year. Resultantly, she stated to the court as we have noted,supra:
 Thus, because the insurer is now denying it knew of the dismissal, Plaintiff is being denied her entitlement under her policy of insurance. However, if she is granted relief from the dismissal then her insurer cannot claim that its right to subrogation has been prejudiced.
This argument obviously persuaded the court, because its order of July 17, 1997, contains the essential holding:
 The Court finds that Plaintiff has a meritorious claim against Defendant; and that Plaintiff would not have dismissed the action against Defendant were it not for her reliance on the assertions of her insurance carrier. The dismissal of the case has placed Plaintiff in a dilemma the unjustness of which C.R. Rule 60(B)(5) was promulgated to resolve.
In law, the effect of the July 17, 1997, decision was to place Garman's suit against Nesbitt in its status quo ante,
that is, its status immediately before Garman dismissed it voluntarily. Such restoration of the status quo placed Garman in the legal position she had occupied on April 6, 1995, as the plaintiff suing Nesbitt. That being so as a matter of law, Garman was relieved of any need to refile the suit and the provision for refiling in R.C. 2305.19 never came into play. The court's order of restoration placed Garman and Wayne Mutual precisely where they were originally, and in the status relied upon by Wayne Mutual when it settled Garman's claim and took subrogation rights against Nesbitt and, as between Garman and Wayne Mutual, was substituted for her in her suit.
Clearly, then, the court's subsequent decision to reverse itself and sua sponte negate that change of legal status was one affecting a vital interest of Wayne Mutual and, in law, demanded that notice be given to Wayne Mutual so that it would have had the "ample opportunity" to respond to the concerns of the court as noted in Rice v. Bethel Assoc. Inc., supra.
When Garman executed the subrogation agreement upon receipt of the payment from Wayne Mutual, there was no reason, apparent in the record before us, why Wayne Mutual's motion to be substituted should not have been granted routinely. Certainly, in light of our conclusion that the court erred in proceedingsua sponte without notice to Wayne Mutual, it was not moot. The suit against Nesbitt was, for all legal purposes, viable on August 20, 1997, when Wayne Mutual filed its motion, and the court's decision of September 5, 1997, could not alter that status upon the facts in this case. Nevertheless, an orderly disposition requires that Wayne Mutual be permitted to argue its motion to be substituted and to respond to whatever reservations exist in the mind of the court which may serve as a basis for denying the motion.[6]
In sum, for all the reasons given, Wayne Mutual's five assignments of error are well taken. The judgment of the Ross County Court of Common Pleas journalized September 5, 1997, is reversed, and this cause is remanded for further proceedings according to law not inconsistent with this decision.
Judgment reversed and cause remanded.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and cause remanded to the trial court for further proceedings consistent with this opinion. Appellants shall recover of appellees their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Ross County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Shannon, J., Harsha, J. and Kline, J. Concur in Judgment and Opinion
 ---------------------------- Raymond E. Shannon, Judge
 ---------------------------- William H. Harsha, Judge
 ---------------------------- Roger L. Kline, Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
Judge Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment of the Ohio Supreme Court in the Fourth District.
[1] The rule of procedure provides, in pertinent part:
 Consequence of failure to file briefs. In an appellee fails to file his brief within the time provided by this rule, or within the time as extended, he will not be heard at oral argument except by permission of the court upon a showing of good cause submitted in writing prior to argument; and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action.
[2] In her memorandum supporting her motion, Garman stated, interalia, that:
 From Plaintiff's perspective, once she established a claim for uninsured motorist benefits under her policy she no longer needed or was required to pursue any action against Defendant Nesbitt.
 Consequently the Complaint against Nesbitt was voluntarily dismissed, without prejudice, on or about November 16, 1995.
 Subsequently, Plaintiff and her insurer negotiated a settlement of the uninsured motorist claim. However, the insurer, Wayne Mutual, is now refusing to honor the settlement agreement claiming its right to subrogation was extinguished when the action against Nesbitt was dismissed.
 Although the action was voluntarily dismissed without prejudice, the action was not refiled within one year thereafter.
 The action was not refiled by Plaintiff because she properly assumed that she had a direct claim under the uninsured motorist provisions of her policy, and that her insurer would decide whether to pursue Defendant Nesbitt.
[3] In its motion for substitution, Wayne Mutual asserted that Garman's claim was "settled for a total of $21,253.00."
[4] Apparently, the settlement amount was by a check made payable to Garman and her attorney of record.
[5] Civ. R. 25 (C) is, in applicable part:
 Transfer of interest. In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motions directs the person to whom the interest is transferred to be substituted in the action or joined with the original party.
[6] Because we are confronted in this appeal with issues of law, the trial court's observation that "it would be inequitable" to have Nesbitt remain as the defendant was improvident, or inadvertent, and does not affect our conclusions. Neither is the suggestion that the claim against Nesbitt, who, on May 12, 1993, was a 22-year-old construction worker driving a 1983 Chevrolet Cavalier, is dispositive of the issues of law addressed in this appeal.