OPINION
Defendant-appellant, Fyda Truck Equipment, appeals the decision of the Mahoning County Court of Common Pleas vacating its prior grant of summary judgment in favor of appellant, and granting plaintiff-appellee, Irvin Dedie, leave to file an amended complaint.
On August 16, 1994, appellee filed a complaint against appellant in the Mahoning County Court of Common Pleas. The complaint alleged that appellant had made negligent repairs to appellee's Kenworth truck, as a result of which the vehicle suffered engine damage, causing loss of earnings and additional repair expenses to be incurred by appellee. Appellant filed its answer on October 24, 1994, and discovery ensued.
On April 15, 1996 appellant filed a motion for summary judgment claiming that the action was barred by the applicable statute of limitations. Appellee filed a motion in opposition to appellant's motion arguing that the action was one in contract and so was governed by a six or fifteen year statute of limitations rather than the two year statute of limitations relied on by appellant. The matter came up for hearing, and on October 21, 1996, the trial court granted summary judgment in favor of appellant.
On November 20, 1996 appellee filed a notice of appeal from the trial court's order. On the same day that the notice of appeal was filed, the trial court issued a judgment entry vacating its previous grant of summary judgment and granting appellee leave to file an amended complaint. On November 27, 1996 appellant filed a notice of cross-appeal to the trial court's order vacating summary judgment. By journal entry dated January 6, 1997 this court held that, based on the status of the record, appellee's initial appeal was dismissed as appellee no longer had a basis from which to appeal. The appeal continued with appellant designated as defendant-appellant.
At the outset we note that appellee has failed to file a brief in this matter. Accordingly, pursuant to App.R. 18 (C), this court is authorized to accept appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action.
Appellant brings two assignments of error, the second of which states:
 "The trial court erred in failing to afford Fyda [appellant] an opportunity to respond to Dedie's [appellee's] Motion to Vacate."
Appellant claims that it did not receive notice of appellee's motion until after it was granted. Indeed, appellant notes that the motion was granted the same day it was filed, and before appellant even knew of its existence. Appellant assigns this as a violation of its due process right to be heard, and as a violation of Mahoning County Loc.R. 4 (C) (2) which permits fourteen days to file opposition briefs.
Both appellee's motion to vacate judgment and the judgment entry granting it are dated November 20, 1996. The certification of service on appellee's motion indicates that a copy of the motion was mailed by regular U.S. mail to appellant's counsel on November 20, 1996. Clearly appellant could not have received this formal notice prior to the trial court's ruling on the motion. Nor does the record indicate that appellant was otherwise made aware of the motion. Appellant claims it did not know of appellee's motion until after it was granted, and, as already noted, this court is authorized to accept appellant's statement of the facts as true where appellee has failed to file a brief and nothing in the record controverts appellant's statement of the facts.
The essence of procedural due process is the right to receive reasonable notice and a reasonable opportunity to be heard.Whitaker v. Estate of Whitaker (1995), 105 Ohio App.3d 46, 51. Notwithstanding any constitutional due process rights that appellant may have been entitled to, the Ohio Rules of Civil Procedure and the Mahoning County Local Rules of Civil Practice and Procedure require that appellant receive an opportunity to respond. Civ.R. 60 (B) states that:
 "The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules."
Although the Civil Rules do not state a specific amount of notice that the non-movant in such a case is entitled to, Mahoning County Loc.R. 4 (C) (2) provides as follows:
 "Opposition briefs shall be filed no later than fourteen days from the date of filing of a motion unless with leave of court an extension is granted. Motions may be heard and ruled upon the day following the cut-off for filing briefs."
(Emphasis added.)
Appellee filed his brief on November 20, 1996. By local rule appellant had fourteen days to respond. Moreover, the trial court should not have ruled on the motion until the day following the cut-off, i.e. the fifteenth day. Unless notice and an opportunity to be heard are given to opposing parties, a trial court has no authority to vacate its own judgment. See Rice v. Bethal Assoc.,Inc. (1987), 35 Ohio App.3d 133. Because appellant was not afforded reasonable notice nor an opportunity to be heard, appellant's second assignment of error is found to have merit.
Appellant's first assignment of error states:
 "The trial court erred in granting Dedie's Motion to Vacate."
Appellant argues that appellee failed to meet the requirements for relief from judgment pursuant to Civ.R. 60 (B). However, because of our resolution of appellant's second assignment of error, this assignment of error is now moot. App.R. 12 (A) (1) (c).
Accordingly, the judgment of the trial court is hereby reversed and the matter is remanded for further proceedings consistent with this opinion.
Cox, J., concurs.
Waite, J., concurs.
APPROVED:
 _________________________________ Gene Donofrio Judge