Appellant Barbara Zara appeals the July 14, 1999 decision of the Stark County Court of Common Pleas, Family Court Division, finding her in contempt and imposing a jail sentence from a prior contempt finding. The appellee is Nashat Gabrail, appellant's former husband. The facts leading to this appeal are as follows.
The parties were married on July 17, 1978, and produced three children, all of whom were minors at the time of the 1996 divorce. The complete case history indicates that the parties have carried a great deal of bitterness towards each other since this case commenced, In the course of the divorce proceedings between the parties, they entered into a separation agreement and a shared parenting plan which allocated the parental rights and responsibilities of the parties and divided the marital property and financial obligations between the parties. The trial court approved and adopted the separation agreement and the shared parenting plan and incorporated them into the decree of divorce on April 16, 1996.
Thereafter, various cross-motions for contempt were filed by each party on various issues regarding the financial obligations and the shared parenting plan. On May 5, 1997, the court found both parties to be in contempt of court. The court directed the parties to report back to court for sentencing at a later time, but the parties then represented an agreement had been reached in the case and requested an order staying the sentences. However, the parties' relationship broke down once again. Eventually, in December 1997, the parties again indicated to the court they had reached an agreement. The court accepted the proposed settlement between the parties.
On January 23, 1998, appellant filed a motion to disregard the proposed settlement on the grounds that she did not fully understand all the consequences and ramifications. She supported her motion with an affidavit. The trial court rejected appellant's motion without a hearing. An entry captioned "Final Judgment Entry Sustaining Settlement Agreement Entered on the Record December 2, 1997" was filed on February 13, 1998. Among the provisions of entry, each party agreed to "contribute a minimum of $1000.00 per year per child to an existing account of the children and these assets will be used for each child's educational needs." The final sentence read: "The Court's May 5, 1997 Order of Contempt is hereby vacated and held null and void." An appeal by appellant ensued; however, this Court affirmed the trial court's decision. See Zara v. Gabrail (December 21, 1998), Stark App. No. 98-CA-64, unreported.
On May 14, 1999, appellee filed a motion for order to show cause, averring that appellant had failed to abide by the above requirement to contribute to the educational fund. Hearing was set for June 3, 1999; however, the court set the matter for an evidentiary hearing on July 14, 1999, upon appellant's motion to continue. On July 12, 1999, appellant filed a counter-motion for order to show cause against appellee.
On July 14, 1999, the court issued findings of fact and a two-paragraph order. Appellant was found guilty of indirect civil contempt in paragraph one, but was given an opportunity to purge. The court, in paragraph two, directed that the suspended sentence from May 5, 1997 would be imposed as a punitive remedy for appellant's "violations of court orders and derogation of the integrity of the judicial process." Judgment Entry, July 14, 1999 (Emphasis deleted.)
Appellant immediately appealed, and obtained a stay order from this Court on July 14, 1999. She herein raises the following two Assignments of Error:
 I. THE COURT ERRED IN IMPOSING A JAIL SENTENCE PURSUANT TO A CONTEMPT FINDING WHICH HAD PREVIOUSLY BEEN VACATED.
 II. THE COURT ERRED FINDING THE APPELLANT GUILTY OF WILLFUL CONTEMPT.
 I.
In her First Assignment of Error, appellant contends that the trial court committed error in imposing a sentence based on the May 5, 1997 contempt finding, which finding the court had previously nullified. We agree. Courts have consistently held that Civ, R. 60 (B) provides "the exclusive grounds which must be present and the procedure which must be followed in order for a court to vacate its own judgment." Cale Products, Inc. v. Orrville Bronze Alum. Co. (1982), 8 Ohio App.3d 375, 378. Absent notice and an opportunity for hearing for all parties, a trial court lacks authority to vacate its judgment, whether upon motion or sua sponte. Consolidated Rail Corp. v. Forest CartageCo. (1990), 68 Ohio App.3d 333, 338, citing Rice v.Bethel Assoc., Inc. (1987), 35 Ohio App.3d 133, 134.
Here, the trial court, in its revival of the May 5, 1997 contempt finding, effectively engaged in a sue sponte vacating of its own judgment entry of February 13, 1998, which had nullified the original contempt. We find no notice in the record, prior to the final minutes of the July 14, 1999 hearing, that the February 13, 1998 judgment entry was under consideration as a Civ.R. 60 (B) candidate. Appellee's motion to show cause of May 14, 1999, instead reads as a fresh contempt action based on appellant's asserted failure to contribute sums for the children's educational needs based on the February 13, 1998 court orders.
We are fully persuaded that this vexatious litigation has tested the patience of the trial court. However, we are not inclined to ignore the necessity of due process guarantees in post-decree contempt proceedings of this nature. Absent proper notice in the record that appellant would be facing the potential vacating of the previous nullification of her contempt, we find error in the imposition of sentence in paragraph two of the trial court's order of July 14, 1999.
Appellant's First Assignment of Error is sustained.
 II.
In her Second Assignment of Error, appellant asserts that the evidence fails to demonstrate the existence of willful contempt. Our standard of reviewing a finding of contempt is limited to a determination of whether the trial court abused its discretion. The Supreme Court has frequently defined abuse of discretion as implying" * * * that the court's attitude is unreasonable, arbitrary or unconscionable." See Booth v. Booth (1989), 44 Ohio St.3d 142, 144.
However, we decline to reach this issue, as we note that the July 14, 1999 judgment entry does not impose a penalty or sanction in regard to the indirect civil contempt finding in paragraph one.[1] As such, we find that said portion is not a final appealable order. State ex rel. Doev. Tracy(1988), 51 Ohio App.3d 198, 199-200, citing Cooper v.Cooper(1984), 14 Ohio App.3d 327. Therefore, appellant's Second Assignment of Error is not ripe for appeal until sentence is duly rendered.
For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Family Court Division, Stark County, is hereby reversed in part in regard to the imposition of sentence stemming from the trial court's May 5, 1997 finding. The portions of appellant's appeal regarding the willfulness of her indirect civil contempt finding are dismissed for want of a final appealable order. This matter is remanded to the trial court for further proceedings consistent with this opinion.
 _____________________________ Wise, J.
Farmer, P. J., and Reader, V. J., concur.
[1] The trial court deferred sentencing until August 10, 1999. In an entry signed that day, and filed August 13, 1999, the trial did not proceed on sentencing due to the pendency of this appeal.