OPINION
Defendant-appellant, Michael J. Repasky, appeals a decision of the Mahoning County Common Pleas Court awarding the balance of the sale proceeds of his foreclosed property to Robert Protrain.
Appellant owned property in Boardman Township, Ohio. In December 1985, appellant and his wife, Rita L. Repasky, obtained a loan from plaintiff, Society National Bank (Society), secured by a mortgage on the property.
On May 14, 1993, appellant and Mrs. Repasky filed a joint Bankruptcy Petition in the Federal Bankruptcy Court for the Northern District of Ohio. On June 4, 1993, appellant and Mrs. Repasky recorded a mortgage deed to their son, Michael M. Repasky, in the amount of $40,000.00 on the same property.
Appellant and Mrs. Repasky defaulted on the loan and on November 1, 1995, Society filed this foreclosure action. Society named as party defendants appellant, Mrs. Repasky, and their son, Michael M. Repasky.
Society filed a motion for default judgment. However, Mrs. Repasky filed for bankruptcy in Nevada which automatically stayed any further proceedings in Society's foreclosure action. The stay was subsequently lifted and Society reasserted its motion. On November 6, 1997, the trial court granted Society default judgment and entered a decree of foreclosure.
The property was sold by sheriff's sale on May 19, 1998, and the sale was confirmed by an entry filed on June 23, 1998. The entry ordered payment of all court costs and sale costs, real estate taxes, and the full sum of the amount due to Society. The entry further provided that the balance remaining of the sale proceeds, $16,461.29, would be held pending further order of the court.
On November 25, 1998, appellant, as the sole prior owner of the property, filed a motion claiming the remaining funds. On December 3, 1998, Robert Protrain (Protrain), filed a motion to intervene also claiming the funds. Protrain had obtained a judgment against Mrs. Repasky and her son, Michael M. Repasky, in Mahoning County Common Pleas Court for fraud.
On June 18, 1999, the trial court filed a judgment entry amending the June 23, 1998 confirmation entry to award the balance of the sale proceeds to Michael M. Repasky in partial satisfaction of his mortgage on the property and subject to the judgment lien issued in favor of Protrain. Consequently, the court ordered that the balance of the sale proceeds be paid directly to Protrain in partial satisfaction of his judgment lien. This appeal followed.
Appellant raises three assignments of error. Protrain has not filed a brief in this matter.
Appellant's first assignment of error states:
 "The trial court erred by awarding the funds remaining from the foreclosure sale herein to the Intervenor Robert Protain [sic] rather than Appellant Michael J. Repasky when it amended sua sponte two prior judgment entries to recognize the mortgage lien of Michael M. Repasky previously released by such judgments contrary to the requirements of Rule 60(B) of the Ohio Rules of Civil Procedure."
The trial court's November 6, 1997 entry stated that each defendant was in default and barred from asserting an interest to the property. Appellant argues that the court erred by sua sponte amending this judgment to insert defendant Michael M. Repasky's unasserted mortgage interest. Appellant argues that the sole means by which the court could have amended that judgment was in response to a Civ.R. 60 motion for relief from judgment. Appellant further asserts that even if Protrain had filed a motion for relief from judgment, he could not have met the rule's requirements and would have been unsuccessful.
A trial court judgment entry that orders a foreclosure sale and that finds amounts due to various claimants is a final, appealable order. Oberlin Savings Bank Co. v. Fairchild (1963),175 Ohio St. 311, 312; Helman v. Thomas (July 7, 1999), Summit App. Nos. 19357, 19407, unreported, 1999 WL 459352 at *1. Also, confirmation of a sale in a mortgage foreclosure proceeding is a special proceeding, and the order of confirmation is a final order. Citizens Loan Sav. Co. v. Stone (1965) 1 Ohio App.2d 551.
As a general rule, a trial court has no authority to vacate or modify its final orders sua sponte. Rice v. Bethel Assoc., Inc.
(1987), 35 Ohio App.3d 133; Hellmuth, Obata Kassabaum v. Ratner
(1984), 21 Ohio App.3d 104, 107; Sperry v. Hlutke (1984),19 Ohio App.3d 156, 158. This court has recognized this principle on numerous occasions. Firstmerit Bank v. Marzano (Mar. 23, 2000), Mahoning App. No. 98-CA-191, unreported, 2000 WL 310401 at *3;Deckerd v. Deckerd (June 24, 1999), Columbiana App. No. 98-CO-59, unreported, 1999 WL 439017 at *3. Prior to the adoption of the Ohio Rules of Civil Procedure, trial courts possessed the inherent power to vacate their own judgments. See McCue v. Buckeye UnionIns. Co. (1979), 61 Ohio App.2d 101, 103. Since the adoption of the Civil Rules, Civ.R. 60(B) provides the exclusive means for a trial court to vacate a final judgment. Rice,35 Ohio App.3d at 134; Cale Products, Inc. v. Orrville Bronze Alum. Co. (1982),8 Ohio App.3d 375, 378.
Some decisions have recognized a trial court's inherent power to vacate a default judgment. Westmoreland v. Valley Homes MutualHousing Corp. (1975), 42 Ohio St.2d 291, 294. See, also, Horman v.Veverka (1987), 30 Ohio St.3d 41, 42. This court has likewise adhered to this exception to the general rule. See Fisher v. LakeErie Homes (June 22, 1998), Mahoning App. No. 96-CA-34, unreported, 1998 WL 336942 *3; Dogoda v. Schiffauer (Apr. 6, 1998), Mahoning App. No. 97-CA-20, unreported, 1998 WL 201458 at *3. However, this exception has been limited to situations where the default judgment is vacated in order to allow additional pleadings by one of the parties and the case to proceed. Here, the trial court modified the judgment to recognize a previously barred and unasserted interest.
Clearly, the trial court's November 6, 1997 entry stating that each defendant was in default and barred from asserting an interest to the property was a final order. None of the parties filed a Civ.R. 60 motion nor was the trial court permitted under the rule to sua sponte modify the substance of that order. Furthermore, Michael M. Repasky would have been the only person with standing to assert his mortgage interest by filing a motion for relief from judgment. He did not.
Accordingly, appellant's first assignment of error has merit.
Appellant's second assignment of error states:
 "The trial court erred by awarding the funds remaining from the foreclosure sale herein to the Intervenor Robert Protrain rather than Michael J. Repasky as a matter of law by determining that Intervenor's certificate of judgment against Michael M. Repasky entitled him to such funds."
Appellant argues that even if the trial court has the authority to revise its previous judgment to recognize Michael M. Repasky's unasserted mortgage interest, the court erred in determining that Protrain's judgment lien automatically attached to that interest. Appellant cites to R.C. 2329.02 which states in relevant part:
 "Any judgment or decree rendered by any court of general jurisdiction * * * within this state shall be a lien upon lands and tenements of each judgment debtor within any county of this state from the time there is filed in the office of the clerk of the court of common pleas of such county a certificate of such judgment, * * *." (Emphasis added.)
Appellant also cites to Wood v. Galpert (1965), 1 Ohio App.2d 202,205, which held that "[t]he words, `lands, tenements, and hereditaments,' are usually used to designate an owner's whole `bundle of rights' in any given piece of land."
As appellant correctly notes, there is no case authority for a certificate of judgment allowing the judgment creditor of a mortgage holder to step into the shoes of such claimant without some further proceedings. Furthermore, by allowing Protrain to assert the mortgage claim which the holder thereof did not assert, Protrain was permitted to avoid issues addressing the validity of the mortgage lien. Moreover, a judgment creditor's rights as to a lien on real estate do not rise to those of a bona fide purchaser and the judgment lien is confined to that which actually belongs to the judgment debtor and is not extended to that which belongs to anyone other than the judgment debtor or to what appears of record to belong to the judgment debtor. Sinclair RefiningCompany v. Chaney (1961), 114 Ohio App. 538, 547.
Accordingly, appellant's second assignment of error has merit.
Appellant's third assignment of error states:
 "The court erred when it failed to grant Michael J. Repasky's Motion for Distribution of Balance of Funds held by the clerk of court upon a finding that Michael J. Repasky had failed to appear personally and file pleadings on his own behalf and instead found Intervenor Robert Protrain's Motion for Release of Funds well-taken."
Appellant incorporates herein the arguments made under his first two assignments of error. Appellant argues that as the sole prior owner of the property, he was entitled to the balance of the proceeds remaining from the foreclosure sale.
Given our resolution of appellant's first two assignments of error, it follows that appellant, as the sole prior owner of the property, is entitled to the balance of the proceeds remaining from the foreclosure sale.
Accordingly, appellant's third assignment of error has merit.
The judgment of the trial court is hereby reversed and judgment is hereby rendered in favor of the appellant, Michael J. Repasky, for the balance of the sale proceeds in question.
Cox, J., concurs
Vukovich, J., concurs