OPINION
This is an accelerated calendar case submitted on the record and the brief of appellant, Citibank (South Dakota) N.A. ("Citibank"). Appellee, Joseph Ohlin, did not submit a brief. Citibank appeals from the February 1, 2000 judgment of the Warren Municipal Court, which granted appellee relief from judgment pursuant to Civ.R. 60(B)(1).
Citibank filed suit on April 13, 1999, to collect an unpaid balance of $8,956.99 on a credit card. Service was perfected on appellee, who is a licensed attorney. On May 19, 1999, the trial court granted appellee leave to plead by June 17, 1999. However, no answer was filed. Six months later, on December 10, 1999, the court granted Citibank a default judgment. The court found appellee had been properly served and that he failed to plead or otherwise defend in accordance with Civ.R. 12.
On Friday, January 28, 2000, appellee filed a motion for relief from judgment under Civ.R. 60(B). The substance of this motion was as follows:
 "For Cause [sic], Defendant states that he failed to respond to this matter because of ongoing negotiations with Plaintiff. Defendant respectfully submits that Plaintiff reissued credit cards to Defendant and his ex-wife during this controversy.
 "Defendant submits that his failure to respond constitutes excusable neglect pursuant to Civil Rule 60(B)(1)."
 On Tuesday, February 1, 2000, two business days after receipt of this motion, the trial court granted the motion and vacated its prior judgment. Prior to the granting of this motion, no notice was sent to Citibank, nor was a hearing held. From this judgment, Citibank timely filed its notice of appeal.
In its first assignment of error, Citibank contends the trial court erred by granting appellee's motion two business days after it was filed, thereby depriving Citibank of notice, of the opportunity to respond, or of the opportunity to be heard. In its second assignment of error, Citibank contends the motion was deficient on its face. We review a trial court's disposition of a motion for relief from judgment under Civ.R. 60(B) under the abuse of discretion standard.[1]
Addressing Citibank's first assignment of error, the trial court should not rule upon a Civ.R. 60(B) motion until, at the least, the opposing party is provided notice of the motion and afforded an opportunity to respond in writing. Unless notice and an opportunity to be heard are given to opposing parties, a trial court has no authority to vacate its own judgment, whether upon the motion of a party or sua sponte.[2] "The Ohio Civil Rules and due process require that such practice not be tolerated. Civ.R. 5(A) and 7(B)."[3] For reasons explained in the second assignment of error, in this case, the trial court should not have ruled upon this motion without conducting a hearing on the matter. Citibank's first assignment of error has merit.
We will now address Citibank's second assignment of error. In regards to a motion brought under Civ.R. 60(B), the Supreme Court of Ohio has held:
 "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."[4]
 If all of these three requirements are not met, the motion should be overruled.[5]
"With respect to the form of the motion as it relates to the first prong of the GTE test (the meritorious defense or claim requirement), Civ.R. 60(B) does not contain any specific provision requiring a movant to submit evidential material, such as an affidavit, to support the motion for relief from judgment."[6] However, "[i]n relation to the second and third prongs set forth in the GTE test, *** the movant is required to submit material of an evidential quality that would indicate the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and that the motion is made within a reasonable time."[7]
In the instant case, appellee did not submit any evidentiary material in conjunction with the motion. Appellee simply asserted within his motion that "[f]or Cause [sic], Defendant states that he failed to respond to this matter because of ongoing negotiations with Plaintiff. Defendant respectfully submits that Plaintiff reissued credit cards to Defendant and his ex-wife during this controversy."
In the absence of any supporting material of evidentiary quality, appellee's motion, standing alone, is an insufficient basis upon which to grant relief. However, "[w]hile a deficient motion does not necessarily require that the motion be denied outright, it cannot be granted unless a hearing is had to determine the validity of the movant's assertions."[8]
We conclude that the trial court abused its discretion by granting relief on the basis of appellee's motion without first conducting a hearing on the matter.
Citibank's assignments of error have merit. We reverse the judgment of the trial court and remand the matter for proceedings consistent with this opinion.
PRESIDING JUDGE WILLIAM M. O'NEILL, CHRISTLEY, J., GRENDELL, J., concur.
[1] Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77.
[2] Rice v. Bethel Assoc., Inc. (1987), 35 Ohio App.3d 133.
[3] Id. at 134.
[4] GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
[5] Svoboda v. Brunswick (1983), 6 Ohio St.3d 348, 351.
[6] Thrasher v. Thrasher (June 15, 2001), Portage App. No. 99-P-0103, unreported, 2001 Ohio App. LEXIS 2720, at *6, citing Williams v. Ludlum
(Aug. 20, 1999), Portage App. No. 98-P-0016, unreported, 1999 Ohio App. LEXIS 3869, at *8-9.
[7] Id. at *6-7
[8] Id. at *5, citing Ameritech Publishing, Inc., v. Moore (Aug. 24, 1993), Franklin App. No. 93AP-671, unreported, 1993 Ohio App. LEXIS 4147, at *3-4.