OPINION
Defendant-appellant Rubin Szerlip appeals from the July 2, 2001, Entry and Order of the Knox County Court of Common Pleas, Domestic Relations Division.
 STATEMENT OF THE FACTS AND CASE
On June 8, 1995, appellee filed a Complaint for Divorce against appellant in the Knox County Court of Common Pleas. At the time the complaint was filed, the parties had four minor children.
Pursuant to a Journal Entry-Decree of Divorce filed on October 10, 1997, the trial court designated appellee the residential parent and legal custodian of the parties' four minor children and granted appellant companionship in accordance with the Local Rule. In addition, the trial court, in the decree, ordered appellant to pay child support in the amount of $110.95 per child per month plus poundage.
As part of the property settlement, the trial court, in the decree, ordered a 200 acre farm in Harrison Township, Ohio, owned by the parties, be sold at public auction. The trial court ordered the proceeds from the sale — less expenses and commissions, payoff of the mortgage, payment to the parties of amounts equivalent to their separate interest in the property, and payment of certain marital debts — be divided equally between appellant and appellee. Via Journal Entry filed December 8, 1997, the trial court appointed Attorney Kenneth E. Lane as the Special Master Commissioner for purposes of collecting the net proceeds of the sale of the farm, and for making the appropriate disbursements ordered by the trial court. The trial court ordered the Special Master Commissioner to make all the disbursements previously ordered "with the exception of disbursements to either of the parties." December 8, 1997, Journal Entry at 2. The trial court further instructed the Special Master Commissioner to place the remaining funds in an interest bearing bank account and to hold the same subject to further order of the court. Neither party appealed from the December 8, 1997, entry.
Subsequently, on April 20, 2001, appellee filed a motion for modification of child support. An oral hearing on the same was scheduled for May 17, 2001. After a motion for a continuance of the oral hearing was filed by appellee on May 15, 2001, the trial court, as memorialized in a Journal Entry filed on May 18, 2001, continued the oral hearing until June 7, 2001. The docket reveals that a copy of the trial court's entry was mailed to appellant by ordinary mail on May 18, 2001. There is no evidence in the file that the same was not received by appellant.
Thereafter, a hearing on appellee's motion for modification of child support and a pretrial conference with respect to pending matters were held on June 7, 2001. Appellant failed to appear at the same. As memorialized in an Entry and Order filed on July 2, 2001, the trial court ordered that child support be "pro-rated down" once Brandon Szerlip, one of the parties' sons, turned eighteen. The trial court further ordered the Special Master Commissioner to release $1,018.53 to appellee, through CSEA, from appellant's share of the funds on deposit to cure child support arrears for April, May and June 2001. The trial court, in its entry, further stated as follows:
 With respect to the numerous other issues pending before the Court, given the defendant's failure to appear or otherwise notify the Court, the nature and complexity of the case, and the fact that the Court, on its own motion, previously suspended the balance of defendant's jail time in order to allow him time to prepare for these matters, the Court, on its own motion, HEREBY ORDERS that the remaining fourteen (14) days of the previously suspended 20-day jail sentence be imposed beginning June 11, 2001. It is further ORDERED that any pending motion defendant has is dismissed for want of prosecution and failure to appear.
The trial court, in accordance with its above order, ordered that specified motions be dismissed without prejudice pursuant to Civil Rule 41(A). Finally, in its July 2, 2001, entry, the trial court ordered that appellee's share of the funds on deposit with the Special Master Commissioner be released to her.
It is from the trial court's July 2, 2001, Entry and Order that appellant now appeals, raising the following assignments of error:
 I. THE TRIAL COURT ACTED CONTRARY TO THE CODE OF JUDICIAL CONDUCT.
II. THE TRIAL COURT FAILED TO ACT IMPARTIALLY.
 III. THE TRIAL COURT BEHAVED IN A MANNER DEMEANING TO THE JUDICIARY.
IV. MISCONDUCT OF A JUDGE.
 THE TRIAL COURT ERRED, ACTED CONTRARY TO LAW, AND ABUSED ITS DISCRETION WHEN IT HELD A PRE-TRIAL CONFERENCE ON JUNE 7, 2001, A DAY SCHEDULED ACCORDING TO THE DOCKET, FOR A MODIFICATION OF CHILD SUPPORT HEARING.
 THE TRIAL COURT ERRED, ACTED CONTRARY TO LAW, AND ABUSED ITS DISCRETION WHEN IT INCARCERATED APPELLANT, ORIGINALLY FOR "FAILURE TO APPEAR", (JUNE 8, 2001 ORDER) TO "THE REMAINING FOURTEEN (14) DAYS OF THE PREVIOUSLY SUSPENDED 20-DAY JAIL SENTENCE BE IMPOSED BEGINNING JUNE 11, 2001," (JULY 2, 2001 ENTRY AND ORDER)
 THE TRIAL COURT FALSELY IMPRISONED DEFENDANT, EVEN WHEN USING ITS OWN RETROACTIVE ACCOUNTING OF THE SENTENCE, FROM JUNE 25, 2001 UNTIL JULY 6, 2001.
 THE TRIAL COURT ERRED, ACTED CONTRARY TO LAW, AND ABUSED ITS DISCRETION WHEN IT DISMISSED ANY PENDING MOTIONS BROUGHT FORTH BY THE DEFENDANT, "FOR WANT OF PROSECUTION AND FAILURE TO APPEAR."
 THE TRIAL COURT ERRED, ACTED CONTRARY TO LAW, AND ABUSED ITS DISCRETION WHEN IT UNEQUALLY RELEASED PLAINTIFF'S SHARE OF FUNDS ON DEPOSIT, WITHOUT RELEASING DEFENDANT'S.
 I, II, III, IV
Appellant, in his first three assignments of error, contends that the trial judge in this matter acted contrary to the Code of Judicial Conduct by acting with bias and prejudice, has failed to act impartially, and has behaved in a manner demeaning to the judiciary. Appellant, in his fourth assignment of error, maintains that the trial judge has engaged in misconduct by, among other things, coercing appellant to drop appeals or face jail time, ordering a layperson to engage in the unauthorized practice of law, misrepresenting facts and engaging in ex parte
communications.
"The Chief Justice of the Supreme Court of Ohio, or his designee, has exclusive jurisdiction to determine a claim that a common pleas judge is biased or prejudiced." Jones v. Billingham (1995), 105 Ohio App.3d 8,11; citing, Section 5(C), Article IV, Ohio Constitution, and Adkins v.Adkins (1988), 43 Ohio App.3d 95. R.C. 2701.03 provides the exclusive means by which a litigant can assert that a common pleas judge is biased or prejudiced. Id. Thus, an appellate court lacks the authority to pass upon the disqualification of a common pleas court judge or to void the judgment of a trial court on that basis. State v. Ramos (1993),88 Ohio App.3d 394, 398. This Court, therefore, has no jurisdiction to reverse the trial court's decision on this basis.
Furthermore, as to appellant's contention that the trial judge violated the Code of Judicial Conduct, acted in a manner demeaning to the judiciary, and engaged in unethical misconduct, the instant appeal is not the proper venue for such complaints. As noted by this Court in Szerlipvs. Spencer (March 14, 2002), Knox App. No. 01CA30, unreported, "any allegations of judicial misconduct are not cognizable on appeal, but is a matter properly within the jurisdiction of the Disciplinary Counsel."
Appellant's first, second, third and fourth assignments of error are, therefore, overruled.
 V
Appellant, in his fifth assignment of error, argues that the trial court erred when it conducted a pretrial conference on June 7, 2001, on "matters pending before the Court", when the only matter scheduled on such date was a hearing on appellee's motion for modification of child support.
As is stated above, the trial court, as memorialized in a Journal Entry filed on May 18, 2001, continued the oral hearing on appellee's motion for modification of child support from May 12, 2001, until June 7, 2001, at 1:30 p.m. The docket contains a "Certificate of Mailing" indicating that a copy of the trial court's entry was mailed to appellant by ordinary mail on May 18, 2001. There is no evidence in the file that the same was not received by appellant. Service by ordinary mail is presumed complete when the certificate of mailing is entered in the record, unless the envelope is returned marked "failure of delivery." See Civ.R. 4.6(D); Rafalski v. Oates (1984), 17 Ohio App.3d 65. In the case subjudice, there has been no such return.
After appellant failed to appear on June 7, 2001, the trial court, on June 8, 2001, had a warrant to arrest issued. Appellant, on June 11, 2001, filed a motion requesting that the warrant be vacated since he did not receive notice of the June 7, 2001, hearing. While appellant attached to his motion a copy of a note indicating that appellant had an appointment with his Probation Officer on June 7, 2001, at 1:00 A.M.[1], the same is neither signed by appellant's Probation Officer nor authenticated in any manner. Pursuant to a Journal Entry filed on June 19, 2001, the trial court denied appellant's motion to vacate. Appellant did not appeal from the trial court's June 19, 2001, entry denying the same.
While appellant is correct that a hearing was scheduled on June 7, 2001, rather than a pretrial, appellant, who was duly notified of the June 7, 2001, hearing, cannot now be heard to complain that a pretrial was held. Appellant's failure to attend the hearing acts as a waiver of the claimed error. See Lackey v. Lackey (Sept. 27, 2000), Tusc. App. No. 1999AP110061, unreported.
Moreover, appellant does not argue that he was prejudiced by the trial court's action in conducting a pretrial on June 7, 2001, in addition to the hearing on appellee's motion for modification of child support. Nor can appellant show that he was prejudiced by the same. Any potentially prejudicial actions taken by the trial court at the June 7, 2001, pretrial conference have been raised, and are addressed by this Court, in appellant's sixth through ninth assignments of error. Other than the issues raised in such assignments, appellant has not pointed this Court to any other prejudicial action taken by the trial court on June 7, 2001, on any substantive matter.
Appellant's fifth assignment of error is, therefore, overruled.
 VI
Appellant, in his sixth assignment of error, asserts that the trial court erred when it "incarcerated Appellant, originally for `failure to appear', (June 8, 2001 Order) and then, in its July 2, 2001, Entry and Order indicated that appellant was to serve `the remaining fourteen (14) days of the previously suspended 20-day jail sentence ` beginning on June 11, 2001. In essence, appellant argues that the trial court changed its reason for incarcerating appellant without giving notice to him. Since appellant does not specifically challenge in his stated assignment of error the trial court's issuance of the arrest warrant[2], we shall not address such issue.
On April 20, 2001, appellee, through the Knox County CSEA, filed a motion for a modification of child support. A hearing on the same was originally scheduled for May 17, 2001. However, pursuant to a Journal Entry filed on May 18, 2001, the trial court continued the hearing until June 7, 2001. The file in this matter contains a "Certificate of Mailing" indicating that a copy of the motion for a continuance and entry was mailed to appellant on May 18, 2001. As is stated above, the record reveals that after appellant failed to appear on June 7, 2001, for the hearing on appellee's motion for modification of child support, the trial court had an arrest warrant issued on June 8, 2001, based on appellant's failure to appear. Following appellant's arrest on June 11, 2001, the trial court, as memorialized in an entry filed on July 2, 2001, ordered that the remaining 14 days of a previously suspended 20 day jail sentence be imposed commencing on June 11, 2001. Appellant was eventually released on July 6, 2001.
Appellant now contends that the trial court, between the time of the June 7, 2001, hearing and the issuance of its July 2, 2001, entry, changed its reason for incarcerating appellant. Appellant points out that while the trial court, in its June 8, 2001, warrant to arrest, indicated that appellant was being incarcerated for "failure to appear," the trial court subsequently, in its July 2, 2001, entry, stated that the remaining 14 days of a previously suspended 20 day jail sentence were to be reimposed. The trial court, in its July 2, 2001, entry, specifically stated in relevant part, as follows:
 With respect to the numerous other issues pending before the Court, given the defendant's failure to appear or otherwise notify the Court, the nature and complexity of the case, and the fact that the Court, on its own motion, previously suspended the balance of defendant's jail time in order to allow him time to prepare for these matters, the Court, on its own motion, HEREBY ORDERS that the remaining fourteen (14) days of the previously suspended 20-day jail sentence be imposed beginning June 11, 2001. It is further ORDERED that any pending motion defendant has is dismissed for want of prosecution and failure to appear.
Without a transcript of the June 7, 2001, hearing,[3] we are unable to determine whether, in fact, the trial court actually changed its mind as to its reason for incarcerating appellant or, rather, it issued two separate orders — (1) an entry ordering appellant incarcerated for failure to appear and (2) an entry reinstating appellant's previously suspended jail sentence. Upon review of the record, however, it is clear that a motion to impose appellant's suspended jail time was never filed prior to the issuance of the arrest warrant. In short, while appellant may have violated a condition of his suspended sentence by failing to appear at the hearing, appellant never received notification prior to his incarceration of a motion to impose sentence nor an opportunity for a hearing on such a motion.
Appellant's sixth assignment of error is, therefore, sustained.
 VII
Appellant, in his seventh assignment of error, contends that the trial court falsely imprisoned him from June 25, 2001, until July 6, 2001. As is stated above, the trial court, in its July 2, 2001, entry, ordered that appellant serve "the remaining fourteen (14) days of the previously suspended 20-day jail sentence to be imposed beginning June 11, 2001". June 11, 2001, is the date on which appellant was arrested. Appellant now contends that he "should have been released on June 25, 2001, which would have been the balance of his twenty-day sentence".
We note, however, that there is no false imprisonment action pending before this Court. Moreover, this Court is not the proper forum for a declaratory judgment action alleging false imprisonment against a judge.
Appellant's seventh assignment of error is, therefore, overruled.
 VIII
Appellant, in his eighth assignment of error, challenges the trial court's dismissal of numerous of appellant's pending motions without prejudice as memorialized in its July 2, 2001, entry. The trial court, in its entry, dismissed such motions pursuant to Civ.R. 41(A) "for want of prosecution" based on appellant's failure to appear at the June 7, 2001, hearing.
The Ohio Constitution, Section 16, Article I, undeniably affords the parties in a civil case the right to due process of law, the "basic thrust" of the clause being a requirement for notice and an "opportunity to be heard." See Ohio Valley Radiology Assoc., Inc. v. Ohio ValleyHosp. Assn. (1986), 28 Ohio St.3d 118, 124-125. Unless notice and an opportunity for a fair hearing are given to opposing parties, a trial court has no authority to take action, sua sponte, prejudicial to the opposing party. See, e.g., Rice v. Bethel Assoc., Inc. (1987),35 Ohio App.3d 133.
Upon our review of the record, we find that appellant was not advised in the entry setting the hearing on appellee's motion for modification of child support for June 7, 2001, that failure to appear at such hearing would result in the dismissal of his pending motions. As appellant notes in his brief, the only matter scheduled for the June 7, 2001, was a hearing on appellee's motion for modification of child support. Since the trial court, therefore, did not provide appellant with notice that his pending motions would be considered at the June 7, 2001, hearing, the trial court erred in dismissing the same for failure to prosecute.
Appellant's eighth assignment of error is sustained.
 IX
Appellant, in his ninth assignment of error, argues that the trial court erred "when it unequally released Appellee's share of funds on deposit, without releasing Appellant's share". Following the June 7, 2001, hearing in this matter, the trial court, pursuant to an entry filed on July 2, 2001, ordered that appellee's share of funds on deposit with the special Master Commissioner be released to her.
Appellant, in his brief, admits that since he was not present on June 7, 2001, he could not petition the Court in person to have the funds released to him as well. The trial court, therefore, did not have the opportunity to address the issue of a similar release of funds to appellant, and we will not address it for the first time on appeal. SeeState v. Peagler (1996), 76 Ohio St.3d 496, 499, ("Generally, an appellate court will not consider any error that counsel could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.").
Appellant's ninth assignment of error is, therefore, overruled.
Accordingly, the judgment of the Knox County Court of Common Pleas, Domestic Relations Division is reversed in part and affirmed in part.
By EDWARDS, J. FARMER, P.J. and BOGGINS, J. concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Knox County Court of Common Pleas is reversed in part and affirmed in part. Costs shall be paid 30% by appellee and 70% by appellant.
[1] While the note appears to have indicated that appellant's appointment was at 11:00 A.M., the first "1" in "11" has been crossed out.
[2] The arrest warrant was issued on June 8, 2001, after appellant failed to appear for the June 7, 2001, hearing. Appellant challenges the correctness of this warrant in his discussion of the assignment of error but not in his statement of the assignment of error.
[3] No transcript of the June 7, 2001, hearing was filed in this Court. The appellant attached a copy of the transcript to his brief, but it is not properly before this Court.