{¶ 13} I respectfully dissent. I believe that this matter should be remanded to the trial court because it has not ruled upon the two Civ. R. 60 motions filed by Husband. Although we have stated that certainpretrial motions may be implicitly overruled by the trial court, this is so because the rulings are deemed to merge into the court's final judgment. However, a post-trial Civ. R. 60 motion is akin to the filing of a new claim such as a complaint and the disposition of a Civ. R. 60 motion is a final appealable order. As the trial court could never implicitly rule on a party's complaint, the trial court cannot implicitly rule on a party's post-trial Civ. R. 60 motion because there is no final disposition on the merits of the motion and hence, there is no final order from which this Court may review the propriety of the trial court's ultimate ruling. While the trial court may have some latitude in deciding whether to conduct a hearing on a Civ. R. 60 motion, or whether to provide findings of fact and conclusions of law, the trial court at minimum, must issue a final ruling on the Civ. R. 60 motion. In the instant matter, there are two *Page 8 
unopposed Civ. R. 60 motions that remain pending before the trial court. The trial court should be required to rule on these motions.
 {¶ 14} Assuming that the trial court could implicitly rule upon Husband's two Civ. R. 60 motions, then this matter should be remanded to the trial court to reinstate its Qualified Domestic Relations Order ("QDRO") entered on May 22, 2008, which the trial court, for reasons unknown, sua sponte vacated on May 23, 2008. Although I believe the trial court cannot implicitly rule upon Husband's Civ. R. 60 motions, the majority's opinion is premised upon the notion that the trial court could implicitly rule upon Husband's Civ. R. 60 motions by simply entering a new QDRO. If the trial court can implicitly rule on Husband's outstanding motions by the act of entering a QDRO, then the trial court "ruled" on Husband's motions upon journalization of the QDRO on May 22, 2008, given that the May 22, 2008 QDRO was entered after Husband's two motions had been filed and implicitly in response to those motions. Without a further motion, the trial court had no authority to vacate the May 22, 2008 QDRO sua sponte as it did in this case. This Court has stated that a trial court has no authority to vacate or modify its final orders sua sponte. West v. Geffken, 9th Dist. No. 24243, 2008-Ohio-6624, at ¶ 6, quoting N. Shore Auto Financing, Inc. v. Valentine, 11th Dist. No. 90686, 2008-Ohio-4611, at ¶ 12. This Court has further recognized that Civ. R. 60(B) is the exclusive procedure which must be followed in order for a court to vacate its own judgment. Rice v. Bethel Assoc,Inc. (1987), 35 Ohio App.3d 133, 134, quoting Cale Products, Inc. v.Orrville Bronze Alum. Co. (1982), 8 Ohio App.3d 375, 378. As was the case in Rice, in this matter, there was no motion filed asking the trial court to vacate the May 22, 2008 QDRO, hence, the trial court's suasponte act of vacating the May 22, 2008 QDRO was improper. *Page 1